532 So.2d 902 (1988)
STATE of Louisiana Through GOVERNOR'S SPECIAL COMMISSION ON EDUCATION SERVICES
v.
Kim B. DEAR.
No. 88-CA-283.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
*903 William J. Guste, Jr., Atty. Gen., Thomas S. Halligan, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, for plaintiff-appellant.
Hannan, Drake & Giusti, C. Lee Drake, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and KLIEBERT and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
This is a suit on a promissory note, in which the defendant's exception of prescription was upheld by the district court. The plaintiff appeals.
The plaintiff is the State of Louisiana through the Governor's Special Commission on Education Services, which guaranteed a student loan taken out by defendant, Kim B. Dear. When Dear failed to maintain payments on the loan, pursuant to its guarantee the Commission repaid the lender and acquired the note. The Commission then filed this suit to recover on the note.
The petition, filed on March 18, 1987, incorporated the note by attachment and alleged that the defendant had failed to pay the note as scheduled and that the entire principal balance was past due and unpaid. Under the terms of the note, failure to make any payment when due caused the entire balance to become due and payable.
The first payment was due on November 1, 1981. Because that date was more than five years before the suit was filed and the Commission did not allege any payment had been made, defendant urged the obligation was prescribed on the face of the petition, under LSA-C.C. art. 3498.
At the hearing of the exception, the Commission presented no evidence. It had argued in its pretrial memorandum that prescription could not run against it, citing LSA-Const. Art. 12, Sec. 13, which states, "Prescription shall not run against the State in any civil matter, unless otherwise provided in this Constitution or expressly by law."
Defendant countered this argument by citing State, Etc. v. City of Pineville, 403 So.2d 49, 52 (La.1981), in which the Supreme Court held, "[T]he `State,' for the purposes of the constitutional immunity from prescription, does not include a state agency which is a body corporate with the power to sue and be sued and which, when vested with a cause of action, is the sole party capable of asserting it." The district court ruled in defendant's favor, dismissing the suit. The court issued no reasons for judgment.
On appeal the Commission has filed a motion to remand the case to take evidence, asserting that the defendant in fact had made payments on the note through July 1983 and that proof of this would eliminate the issue of prescription. Although no one representing the Commission appeared in the district court at the hearing of the exception, the Commission contends a remand is required in the interest of justice.
The Commission advances the following reasons for its failure to present evidence to rebut the exception of prescription:
The attorney who filed the suit on behalf of the Commission left the employ of the Attorney General and a new attorney was assigned to the case. The file contained no information regarding the defendant's payment record. The new counsel learned of the hearing on the exception one day before it was to be heard; she moved to obtain a continuance, but the trial judge refused to grant it.
Following rendition of the adverse judgment, the Commission's counsel obtained records showing the defendant's payment record, which would have refuted the prescription issue had the records been entered into evidence at the hearing. The second counsel for the Commission subsequently left the Attorney General's employ and the Commission is represented on this appeal by a third attorney.
Present counsel argues valiantly that the interest of justice requires a remand to allow him to present the Commission's *904 evidence against prescription. His argument, however, does not overcome our reluctance to remand a case for new evidence. Although an appellate court is empowered to remand a case either for new trial or for introduction of new evidence, such a procedure is sparingly exercised. Jones v. LeDay, 373 So.2d 787 (La.App. 3 Cir.1979).
Present counsel proffers no persuasive argument that this evidence could not have been discovered, by the exercise of diligence, prior to the hearing. Counsel can advance no reason why the failure to present a defense should not be held against the plaintiff. That the Commission is a state agency does not require us to treat it differently than we would treat other parties in the same situation. If we were to remand every case in which a party failed to defend himself initially but wished to present evidence later, the district court would be retrying hundreds of cases. Accordingly, the motion to remand is denied.
Similarly, we find no merit to the Commission's contention that the defendant's argument misled the district court with false information. Although plaintiff does not assert defense counsel knowingly lied to the court, plaintiff contends the argument at the hearing misrepresented the facts to defendant's advantage. The substance of those remarks is as follows:
"MR. DRAKE:
It's a suit on a promissory note. They sued my client. Allegedly, she had borrowed money and not paid it back under this promissory note. I filed an exception of prescription based on the fact that five years had passed and they had not made any payments.
Under the express terms of the note, the first payment came due on November of 1981 and failing to pay that payment, the note provided an automatic acceleration clause where all of the payments came due immediately in 1981. Therefore, I submit that the five year prescriptive period has elapsed.
* * * * * *

State vs. City of Pineville is a Louisiana Supreme Court case, a 1981 decision. It held that the state agency such as the Governor's Commission is specifically granted under the law, the power to sue and in its own right is a separate entity from the State of Louisiana and prescription does run against such entities according to this case, so I therefore submit that the five year prescriptive period has elapsed in this matter and that the respondent's arguments fall short and we'd ask that the exception of prescription be granted."
A lawyer may not knowingly make a false statement of material fact or law to a tribunal. R.S. 37 Ch. 4 App., La. State Bar Assn. Articles of Incorporation, Art. XVI, Rules of Professional Conduct, Rule 3.3(a). In an ex parte proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse. Id.
In an adversary proceeding, however, a lawyer is not required to prove his opponent's case by presenting evidence on behalf of his opponent. We do not find defense counsel's remarks to the court factually misleading. His statements were couched in terms of the allegations made by the petition; he made no actual statements of fact. Further, as plaintiff admits, there is nothing to show that defense counsel intended to mislead the court. When a plaintiff's petition shows on its face that the action is prescribed, the plaintiff who contends there has been a suspension or interruption of the running of prescription must allege and prove facts establishing the interruption. Cart v. Ducote, 490 So. 2d 731 (La.App. 3 Cir.1986).
Finally, we reach the ultimate issue: whether prescription may run against the Commission, as a State agency. Contrary to the argument advanced by the Commission, under the rationale of City of Pineville, supra, we find the Governor's Special Commission on Education Services is not immune to prescription.
As the Pineville court stated, state agencies such as levee districts and the *905 Department of Highways are political corporations which, once possessed of a cause of action, are the sole parties capable of bringing suit to enforce their rights. Thus, "[r]egardless of its status as an instrumentality of the state, such an agency remains a distinct legal entity subject to claims of prescription except where the law provides otherwise." State, Etc. v. City of Pineville, supra, at 52.
Under LSA-R.S. 17:3023(A)(6), the Governor's Special Commission on Education Services has the power to sue and be sued, but is not itself a body politic or a body corporate. It is, however, a part of the Department of Education, under LSA-R.S. 36:642(D)(2), and the Department of Education is a body corporate with the power to sue and be sued. LSA-R.S. 36:642(A). Like the Department of Highways in the City of Pineville case, the Department of Education is a distinct legal entity subject to claims of prescription. As part of the department, therefore, the Commission must be considered amenable to prescription.
For the foregoing reasons, the judgment of the district court is affirmed. Costs are assessed against the appellant.
AFFIRMED.