656 So.2d 1081 (1995)
GULF COAST BANK AND TRUST COMPANY
v.
Charles E. ECKERT, Kathryn Felt Roux Wife of/and Kermit L. Roux, Jr.
No. 95-CA-156.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 1995.
*1082 Gerard O. Salassi, IV, Newman, Mathis, Brady, Wakefield & Spedale, Metairie, for plaintiff/appellant.
Richard J. Tomeny, Jr., Metairie, for defendant/appellee Charles E. Eckert.
Mitchell J. Hoffman, Judith A. Kaufman, Kermit J. Roux, III, New Orleans, for defendants/appellees Kathryn Felt Roux, wife of/ and Kermit L. Roux, Jr.
Before BOWES, GRISBAUM and WICKER, JJ.
WICKER, Judge.
This is a suit by Gulf Coast Bank against Charles E. Eckert, Kermit L. Roux, Jr., and Kathryn Felt Roux on three promissory notes. The trial court rendered judgment maintaining the defendants' exception of prescription and Gulf Coast appeals. We affirm.
Gulf Coast alleged it is the holder for value before maturity of the following three promissory notes, each payable on demand to the order of American Savings and Loan Association:
(A) A note dated September 10, 1984, executed by E. Lance Greenwald and Charles E. Eckert, in the principal amount *1083 of $50,000.00, bearing interest at the rate of 13½ percent per annum, with a principal balance of $23,000.00 remaining;
(B) A note dated September 27, 1982, executed by E. Lance Greenwald and guaranteed by Kermit L. Roux, Jr., in the principal amount of $80,000.00, bearing interest at the rate of 7½ percent per annum, with a principal balance of $80,000.00 remaining; and
(C) A note dated November 11, 1982, executed by E. Lance Greenwald and guaranteed by Kermit L. Roux, Jr., in the principal amount of $119,000.00, bearing interest at the rate of 9½ percent per annum, with a principal balance of $43,022.07 remaining.
Gulf Coast alleged it became the holder of the notes through purchase from and assignment by the Resolution Trust Corporation, as Receiver for American Savings and Loan Association. Further, plaintiff asserted that the notes signed by Kermit Roux are debts of the marital community between him and Kathryn Roux, making Kathryn Roux liable in solido for those notes. Gulf Coast also sought 25 percent attorney's fees, as provided in the notes, and costs.
All the defendants filed exceptions of prescription; in addition, defendant Kathryn Roux filed exceptions of no cause of action and no right of action.
The claim of prescription was predicated on the fact that the suit was filed on June 20, 1994, but the notes were demand notes which had been executed in 1982 and 1984. Thus, the notes were prescribed on their face, because La.Civ.Code art. 3498 provides that actions on promissory notes are subject to liberative prescription of five years, which commences to run from the day payment is exigible.
Gulf Coast opposed the exceptions on the following grounds:
As to Charles Eckertwho contended he signed the September 10, 1984 note only as a guarantorGulf Coast argued that his signature does not indicate that status; further, the note itself provided that the term "parties" would include guarantors and also provided that all parties to the note bound themselves in solido. Gulf Coast contended that prescription was interrupted several times: by voluntary payments on the note through September 18, 1987; by the filing of a suit against Lance Greenwald and judgment obtained therein on July 5, 1989; and through payments made since July 2, 1990 under a garnishment against E. Lance Greenwald obtained pursuant to the 1989 judgment.
As to Kermit and Kathryn Roux, Gulf Coast contended that prescription was interrupted by payments made on the two 1982 notes at least through September 18, 1987; by the filing of a suit against Lance Greenwald and judgment obtained therein on July 5, 1989; and by additional payments since January 2, 1990 via garnishment against Greenwald obtained by virtue of the 1989 judgment.
At the hearing on the exceptions, Gulf Coast offered no documents into evidence, but relied on copies of documents that were attached to its memoranda in opposition to the exceptions.[1] Counsel for the defendants also referred to the documents Gulf Coast had attached to its memoranda. The Roux defendants argued that prescription nevertheless had run because the last voluntary payment/acknowledgment on the notes was in 1987 and the 1989 suit was based on a confession of judgment by Greenwald, which defendants argued was a novation which absolved them of liability. Neither plaintiff nor defendants offered any testimony of the parties or filed any exhibits into evidence at the hearing.
*1084 The trial judge, in oral reasons for judgment, concluded that prescription was interrupted through the last payment in 1987, but that it thereafter began to run and that the 1989 lawsuit/judgment did not extend the prescriptive period for an additional five years as to the defendants.
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors. La.Civ.Code arts. 1799, 3503. Similarly, when prescription is interrupted against the principal debtor, the interruption is effective against his surety. La.Civ.Code art. 3504. Unless the obligation is extinguished, an obligee may institute action against any of his solidary obligors even after institution of action against another solidary obligor. La. Civ.Code art. 1795.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. Civ.Code art. 3464. An acknowledgment interrupting liberative prescription may be oral or written, formal or informal, and express or tacit. Lake Providence Equip. Co. v. Tallulah Pro. Cr. Ass'n, 241 So.2d 506, 509 (La.1970).
If prescription is interrupted, the time that has run is not counted and prescription commences to run anew from the last day of interruption. La.Civ.Code art. 3466.
When a note is prescribed on its face, the burden of proving that prescription has been interrupted rests upon the creditor, and the proof must be clear, specific and positive. Lake Providence Equip. Co. v. Tallulah Pro. Cr. Ass'n, supra, at 508.
We affirm the granting of the exception of prescription, but for grounds other than those stated by the trial judge. We find there is a fatal flaw in the evidence of record. Specifically, none of the documents supporting Gulf Coast's claims were properly before the trial court at the hearing on the exceptions.
Gulf Coast attached to its opposition memoranda in the district court copies of documents on which it relies to refute the exception of prescription. Gulf Coast failed, however, to offer and introduce those documents into evidence at the hearing. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. City of Eunice v. CLM Equipment Co., Inc., 505 So.2d 976, 978 (La. App. 3rd Cir.1987); Norton v. Thorne, 446 So.2d 972, 974 (La.App. 3rd Cir.1984).
In an adversary proceeding, counsel for one party is not required to prove his opponent's case by presenting evidence on behalf of his opponent. Governor's Sp. Com'n on Educ. v. Dear, 532 So.2d 902, 904 (La.App. 5th Cir.1988). "When a plaintiff's petition shows on its face that the action is prescribed, the plaintiff who contends there has been a suspension of interruption of the running of prescription must allege and prove facts establishing the interruption." Id.
Gulf Coast argues, alternatively, that in the interest of justice the case should be remanded to supplement the record by allowing formal introduction of the evidence. Such remedial action is proper, however, only when it has been shown that the item of evidence was actually introduced at trial. Jackson v. Wal Mart Properties, Inc., 443 So.2d 3, 4 (La.App. 3rd Cir.1983). Although an appellate court is empowered to remand a case either for new trial or for introduction of new evidence, such a procedure is sparingly exercised. Governor's Sp. Com'n on Educ. v. Dear, supra. "If we were to remand every case in which a party failed to defend himself initially but wished to present evidence later, the district court would be retrying hundreds of cases." Id.
Accordingly, we affirm the judgment maintaining the defendants' exceptions of prescription. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] Gulf Coast attached to its memoranda in opposition to the Eckert and Roux exceptions copies of the following documents: (a) the promissory notes made the basis of this suit; (b) Deposit Insurance Transfer and Asset Purchase Agreement Among Resolution Trust Corporation, Receiver of American Savings and Loan Association, Resolution Trust Corporation and Gulf Coast Bank and Trust Company, dated June 8, 1990; (c) computer printout of Loan History Inquiry, Acct. Nos. XXXXXXXXX, XXXXXXXXX, and XXXXXXXXX; (d) judgment in case No. 89-13327, American Savings & Loan Assoc. v. Greenwald, 22nd Judicial District Court, Parish of St. Tammany; (e) petition in same case; (f) garnishment disbursement receipts in same suit, dated from 1/2/90 to 7/6/94; (g) table titled "E. Lance Greenwald Related Debts."