726 So.2d 474 (1999)
RAY BRANDT NISSAN, INC.
v.
Steven GURVICH.
No. 98-CA-634
Court of Appeal of Louisiana, Fifth Circuit.
January 26, 1999.
*475 Raymond J. Brandt, Brett M. Dupuy, Metairie, for Plaintiff-Appellee.
Robert C. Lowther, Jr., Covington, for Defendant-Appellant.
Panel composed of Judges H. CHARLES GAUDIN, EDWARD A. DUFRESNE, Jr. and SUSAN M. CHEHARDY.
DUFRESNE, Judge.
Defendant/Appellant Steven Gurvich appeals the judgment of the trial court ordering him to surrender possession of a used Chevy Blazer to plaintiff/appellee Ray Brandt Nissan, Inc. For the foregoing reasons, we reverse the decision of the trial court.
On September 17, 1997, defendant purchased a used Chevy Blazer from plaintiff Ray Brandt Nissan. The defendant paid a $1,000.00 cash deposit and intended to finance the remainder of the purchase price. When the plaintiff was unable to obtain financing for the defendant through its primary lender, it sought to recover the vehicle pursuant to LSA-R.S. 32:1254(N)(3)(f), maintaining that the sale was conditioned upon financing.
The parties appeared before the trial judge on February 17, 1998 on plaintiff's rule to show cause to surrender possession of the vehicle. After hearing arguments of both counsel, the trial judge ruled in favor of the plaintiff. However, no evidence was introduced at trial and no testimony was presented to the court. From this adverse judgement, defendant has taken a suspensive appeal.

*476 ANALYSIS
Defendant argues that the trial court erred in ruling in favor of the plaintiff without the introduction and/or benefit of any evidence or testimony whatsoever. While certain documentary evidence was made a part of the record and was reviewed by the trial judge, this evidence was never introduced at trial and was not made part of the trial transcript.
Introduction of evidence at trial is governed by LSA-R.S. 13:3723 which states in part:
Whenever, during the trial of any suit or process, whether civil or criminal, before any of the district courts, either party may desire to offer in evidence any record, paper, or document belonging to the files or records of the district court of the parish in which the trial is proceeding, the presiding judge at the request of such party shall direct the clerk of the district court to produce such record, document, or paper, in order that it may be used in evidence.
In the present case, no evidence was introduced at trial by either party. In formulating his final judgment, the trial judge reviewed certain documents attached to the plaintiff's rule to show cause which had not been introduced as evidence in accordance with LSA-R.S. 13:3723. Therefore, the ruling of the trial court is improper as there was not a proper foundation for the judgment.
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. L.S.A.-C.C.P. art. 2164 (West 1998). Evidence filed into the record, but not introduced formally at trial, may not be considered by the appellate court. David v. Cajun Painting, Inc., 92-722 (La.App. 5th Cir. 1/25/94), 631 So.2d 1176; Carmouche v. Department of Public Safety and Corrections, 618 So.2d 1220 (La. App. 5th Cir.1993). Evidence not properly and officially offered and introduced into evidence cannot be considered, even if it is physically placed in the record. Touzet v. Mobley, 612 So.2d 890 (La.App. 5th Cir. 1993).
A similar case was heard before this Court previously in Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5th Cir. 5/30/95), 656 So.2d 1081; writ denied, 95-1632 (La.10/6/95), 661 So.2d 474. In that case, Gulf Coast attached to its opposition memoranda in the district court copies of documents on which it relied to refute the exception of prescription. Id. at 1084. Gulf Coast failed, however, to offer and introduce those documents into evidence at the hearing. Id. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. Therefore, this Court found that there was a fatal flaw in the evidence on the record. Id. Specifically, none of the documents supporting Gulf Coast's claims were properly before the trial court at the hearing on the exceptions. Id.
The First Circuit case of Our Lady of the Lake Hosp. v. Vanner, 95-0754 (La.App. 1st Cir. 12/15/95), 669 So.2d 463, addresses the same legal issues, but differs factually from Gulf Coast, supra and the present case before this Court. According to the judgment and minute entry of the trial court, evidence was introduced at the hearing on the exception of prescription. Our Lady of the Lake Hosp. v. Vanner, 669 So.2d at 465. However, the record contains no evidence and does not indicate what evidence was introduced at the hearing, as there was no transcript of the hearing. Id. Pursuant to LSA-C.C.P. art. 2164, an appellate court may render its judgment upon the record on appeal. Id. However, the court may not consider exhibits filed in the record which were not filed in evidence. Id. The court held that since they were not authorized by law to consider the plaintiff's attachments to their memorandum in support of their exception and because the record contained no evidence submitted by the plaintiffs to support their exception, the plaintiffs failed to meet their burden of proof. Id. The case was remanded for an evidentiary hearing on the issue of whether evidence was introduced and for supplementation of the record with the evidence, if properly introduced. Id.
In Our Lady of the Lake Hosp. v. Vanner, supra, there were indications that evidence had been introduced at the trial court, but *477 the record did not contain this evidence. This differs from the present case before this Court because plaintiff Ray Brandt Nissan did not introduce evidence at trial, even though it was physically placed in the record. The present case is more similar to Gulf Coast Bank and Trust Co. v. Eckert, supra in that the exhibits were physically in the record, but were not introduced at trial.
Plaintiff Ray Brandt Nissan requests, in the alternative, that the matter be remanded to allow the relevant documents to be introduced in evidence. This issue has previously been argued before this Court in the case of Gulf Coast Bank and Trust Co. v. Eckert, supra. Gulf Coast argued, alternatively, that in the interest of justice the case should be remanded to supplement the record by allowing formal introduction of the evidence. Id. at 1084. This Court held that such remedial action is proper only when it has been shown that the item of evidence was actually introduced at trial. Id. Although an appellate court is empowered to remand a case either for new trial or for introduction of new evidence, such a procedure is sparingly exercised. Id. In the present case, plaintiff Ray Brandt Nissan is not without recourse. There are other remedies that the plaintiff may avail itself of in order to recover the vehicle in question. Therefore, this Court will not remand the case to formally introduce evidence which should have been introduced at the trial court the first time.
In summary, the evidence in question was not properly introduced in the trial court and therefore may not be reviewed by this Court. The plaintiff has not borne its burden of proof in this matter and the ruling of the trial court must be reversed in favor of the defendant.
REVERSED.