WALTER J. ROTHSCHILD, Judge.
 

 |2This is an appeal of a ruling of the trial court maintaining defendant’s exception of res judicata and dismissing plaintiffs suit. For the reasons stated herein, we vacate the judgment and remand for further proceedings.
 

 On April 9, 2003, Lori Wilson filed the instant petition for damages against Bee-chgrove Redevelopment, L.L.C. and Jefferson Housing Foundation alleging that she and her family suffered exposure to mold while residing in defendant’s apartment complex. She sought damages based on theories of negligence and strict liability. Defendants responded to the petition with dilatory and peremptory exceptions, and with an answer generally denying the allegations of the petition.
 

 In January of 2009, plaintiff amended her petition to add her major son as a party plaintiff and to add an additional defendant, Crown Properties, Inc., the manager of the subject housing complex.
 

 lsOn June 24, 2009, defendant Bee-chgrove Redevelopment, L.L.C. filed Peremptory Exceptions of Res Judicata and Discharge in Bankruptcy. Beechgrove alleged that it filed for Chapter 11 Reorganization in October of 2007 and that the Bankruptcy Court confirmed Beechgrove’s Plan of Reorganization on December 3, 2008, discharging Beechgrove from liability arising before that date. In its exceptions, Beechgrove submitted that plaintiffs’ claims are precluded by the Bankruptcy Order, a copy of which was attached to the pleading.
 

 Plaintiffs opposed these exceptions on the basis that plaintiffs filed a proof of claim in the consolidated bankruptcy proceedings of Beechgrove Redevelopment, L.L.C. (BGI) and Beechgrove Redevelopment Phase II, L.L.C. (BGII). Plaintiffs argued that the proof of claim against
 
 *244
 
 BGII was still pending and had not been denied. Plaintiffs argued that the bankruptcy petitions of BGI and BGII had been consolidated, and thus the proof of claim filed as to BGII is applicable to BGI. In support of this argument, plaintiffs relied on the theory that the two corporations operated as a single business enterprise and that the proof of claim should be regarded as filed against both entities.
 

 Following a hearing in this matter, the trial court maintained defendant’s exceptions. By judgment rendered on September 22, 2009, plaintiffs’ petition against Beechgrove Redevelopment, L.L.C. was dismissed with prejudice. This appeal followed.
 

 By their first assignment of error, plaintiffs contend that BGI failed to meet its burden of proof of submitting evidence to support its claims of discharge in bankruptcy. Defendant responds that the trial court relied on |4the pleadings and the documentation attached thereto in rendering its ruling, and further there was no factual dispute regarding the evidence.
 

 Upon review of the record in the instant case, we find that defendant failed to formally admit any evidence in support of its exception of res judicata/discharge in bankruptcy. While certain documentary evidence was made part of the record by attaching it to memoranda and was reviewed by the trial judge, this evidence was never introduced at the hearing and was not properly made part of the record.
 

 At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. The Louisiana Supreme Court has held that evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memo-
 

 randa do not constitute evidence and cannot be considered as such on appeal.
 
 Denoux v. Vessel Management Services, Inc.,
 
 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88 and cases cited therein. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.
 
 Id.,
 
 La. C.C.P. art. 2164.
 

 This principle is also well established by this Circuit. In
 
 Gulf Coast Bank and Trust Co. v. Eckert,
 
 95-156, p. 4 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, 1084,
 
 writ denied,
 
 95-1632 (La.10/6/95), 661 So.2d 474, this Court found that where none
 
 of
 
 the documents supporting plaintiffs claims were before the trial court at the exceptions hearing, there was a “fatal flaw” in the evidence of record. In that case, the plaintiff attached to its opposition memo-randa copies of documents on which it relied to refute the exception, but failed to offer and introduce those documents into evidence at | sthe hearing. The Court held that such documents could not be considered by the appellate court, and affirmed the judgment granting the exception. In
 
 Ray Brandt Nissan, Inc. v. Gurvich,
 
 98-634, p. 4 (La.App. 5 Cir. 1/26/99), 726 So.2d 474, 477, this Court relied upon the holding in
 
 Gulf Coast
 
 and determined that evidence not properly introduced in the record may not be reviewed by the appellate court.
 

 In
 
 Jackson v. United Services Auto. Ass’n Cas. Ins. Co.,
 
 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512, defendant brought an exception of prematurity claiming no right of action. No evidence was introduced at the hearing on the exceptions by either party. Although the trial judge reviewed language of an insurance policy attached to a memorandum which had not been introduced into evidence, this Court found that the ruling of the trial court was
 

 
 *245
 
 improper as there was not a proper foundation for the judgment. The Court held that the weight of Louisiana jurisprudence holds that documents attached to memo-randa cannot be considered by an appellate court, citing
 
 Denoux, supra; Gulf Coast Bank,
 
 supra, and
 
 Ray Brandt Nissan, See also, Meaux v. Miller,
 
 08-712 (La.App. 3 Cir. 12/10/08), 999 So.2d 281.
 

 In response, BGI relies on the Fourth Circuit case of
 
 Fontaine v. Roman Catholic Church of the Archdiocese of New Orleans,
 
 625 So.2d 548, (La.App. 4 Cir.1993), writ denied, 93-2719 (La.1/28/94), 630 So.2d 787 wherein the Court found a cause of action prescribed even though the ex-ceptor introduced no legally competent evidence into the record. As we did in
 
 Jackson v. United Services Auto, supra,
 
 08-333, p. 6, 1 So.3d 515, 518, we decline to follow the
 
 Fontaine
 
 decision based upon the large body of Louisiana jurisprudence holding otherwise and upon other Fourth Circuit cases which indicate that the holding in
 
 Fontaine
 
 is not the dominant view of |fithe Fourth Circuit.
 
 See, Triss v. Carey,
 
 00-608 (La.App. 4 Cir. 2/7/01), 781 So.2d 613 and
 
 Argence L.L.C. v. Box Opportunities, Inc.,
 
 07-765 (La.App. 4 Cir. 3/13/08), 980 So.2d 786.
 

 Further, although BGI relies on two First Circuit cases which allow reliance on evidence not formally introduced in the record, we find those cases to be distinguishable. In
 
 Saia v. Asher,
 
 01-1038 (La. App. 1 Cir. 7/10/02), 825 So.2d 1257, the trial court prohibited the parties from introducing evidence at the trial level. In
 
 Ascension School Employees Credit Union v. Provost, Salter Harper & Alford, L.L.C.,
 
 04-1227 (La.App. 1 Cir 6/10/05), 916 So.2d 252, the Court found that although the trial court erred in relying on evidence not properly introduced, the error was not reversible as neither party objected.
 

 On an exception of res judicata, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence.
 
 Schneidau v. Vanderwall,
 
 08-1274 (La.App. 5 Cir. 5/26/09), 17 So.3d 61, 64,
 
 writ denied,
 
 09-2301 (La.1/8/10), 24 So.3d 870. In the present case, BGI failed to properly introduce evidence to support its claims. None of the pleadings in the case contain evidence regarding defendant’s claim of discharge in bankruptcy. Pursuant to a long line of jurisprudence, we conclude that the bankruptcy order attached to defendant’s memorandum in support of its exception is not evidence and therefore cannot be considered by this Court.
 

 As the record fails to contain competent evidence supporting the trial court’s ruling, we find that the judgment maintaining the exception must be vacated and the matter remanded to the trial court for further proceedings. Based on our ruling herein vacating the lower court judgment, we pretermit 17plaintiff s argument regarding whether the proof of claim should be regarded as filed with both corporations. BGI is to bear all costs of this appeal.
 

 VACATED AND REMANDED.