SUSAN M. CHEHARDY, Judge.
|2The plaintiff appeals the dismissal of his lawsuit as prescribed. We affirm.
On December 18, 2009, Reginald Anowi filed suit against Cue T. Nguyen, Phong T. Nguyen, Prudential Property & Casualty Insurance Company (collectively “the Nguyen defendants”), and others.[1] Anowi al *906 leged that on March 19, 2003, his vehicle was rear-ended by a vehicle driven by Cue T. Nguyen.
Anowi alleged the December 18, 2009 petition was a refiling of his “initial timely filed suit [that] was recently dismissed without prejudice for failure to serve the defendant within 90 days.”
The Nguyen defendants filed an exception of prescription, in which they asserted the claims are prescribed by liberative prescription of one year, because the accident is alleged to have occurred on March 19, 2003, but this lawsuit was not filed until December 18, 2009.
In a memorandum in opposition to the exception, the plaintiff asserted that prescription had been interrupted by his prior suit, which was filed on October 30, 2003, and was dismissed for insufficiency of service of process on November 30, |s2009, without prejudice. (Hereafter we refer to the first suit as “Anowi /” and to the current suit as “Anowi II.”) The plaintiff argued that Anowi II is timely because prescription began to run anew from the date of dismissal of Anowi I, and Anowi II was filed on December 18, 2009, well within the one-year time period.
At hearing of the exception on June 30, 2010, the district court granted the exception without assigning reasons. The judgment dismissed all claims against the Nguyen defendants, with prejudice. The judgment recited that counsel for the defendants was present, but that counsel for the plaintiff was not present. The plaintiff sought a rehearing and/or a new trial, but the request was denied on September 15, 2010. This appeal ensued.
The plaintiff makes the following assignments of error:
(1) The trial court erred in granting an exception of prescription solely due to counsel’s non-attendance at its hearing regarding same; and
(2) The trial court erred in granting the Nguyen defendants’ exception of prescription because the prescriptive period regarding plaintiff-appellant’s claims was interrupted by a previously-filed lawsuit that was involuntarily dismissed without prejudice.
As to the first assignment, the plaintiff contends the trial court improperly dismissed the lawsuit simply because his counsel failed to appear at a hearing. He argues that despite his counsel’s nonappearance at the hearing, he filed an opposition to the exception, which served as evidence showing his claims are not prescribed. He asserts, “Counsel’s presence or lack thereof at any scheduled hearings did not change the law applicable to this case, which clearly dictated that the Nguyen defendants’ exception be denied. The Trial Court’s failure to so find was reversible error.”
|4The plaintiff admits the trial court’s judgment says nothing about counsel’s nonappearance as being a basis granting the exception.
The transcript shows that following a brief argument by defense counsel, who brought the exception, the trial judge stated only, “Your exception is granted.” The transcript of the hearing on the plaintiff’s motion for new trial shows that counsel for plaintiff also was absent from that hearing. The trial judge commented that he had reviewed the pleadings, but had not found *907 anything that was new or that would cause him to change his mind and overturn his decision on the exception of prescription. The judge directed defense counsel to draw up a judgment immediately and to return with it to the courtroom for the judge to sign it. He instructed defense counsel to note in the judgment that plaintiffs counsel was absent.
Nothing in the transcript on the merits of the exception indicates that the reason for the granting of the exception was the absence of plaintiffs counsel from the hearing. Although the transcript of hearing on the motion for new trial shows the judge made note of the absence of plaintiffs counsel, the judge also noted there was nothing in the plaintiffs pleadings that would cause him to overturn his prior decision on the exception. We find the transcript establishes the trial court decided the exception of prescription on its merits and did not grant it because of the absence of plaintiffs counsel.
In the second assignment, the plaintiff contends his claims have not prescribed because the prescriptive period was interrupted from the date of filing the first lawsuit, October 30, 2003, until that suit was dismissed without prejudice in November 2009. At that point prescription began running anew. Since the second lawsuit was filed within one year of that date, the plaintiff contends the Nguyen defendants’ exception of prescription lacked merit.
| .-Delictual actions are subject to a limited prescription of one year, commencing from the day injury or damage is sustained. La. C.C. art. 3492. When a petition reveals on its face that prescription has run, the plaintiff has the burden of showing the suspension, interruption or renunciation of prescription. S.S. v. State ex rel. Dept. of Soc. Services, 2002-0831, p. 7 (La.12/4/02), 831 So.2d 926, 931.
At the hearing on the exception, no evidence was introduced. Defense counsel made a brief argument. Plaintiffs counsel had filed a memorandum in opposition to the exception that attached copies of documents from Anowi I, but he was absent from the hearing and therefore not available to introduce evidence. Thus, the transcript of the hearing contains neither testimony nor exhibits — no evidence.
Consequently, there is a fatal flaw in the evidence of record. None of the documents supporting the plaintiffs defense to the exception of prescription were properly before the trial court at the hearing on the exception. Although the plaintiff attached to his opposition memorandum copies of documents on which he relies to refute the exception of prescription, he failed to offer and introduce those documents into evidence at the hearing.
Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Gulf Coast Bank & Trust Co. v. Eckert, 95-156, p. 4 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, 1084, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474.
In an adversary proceeding, a lawyer is not required to prove his opponent’s ease by presenting evidence on behalf of his opponent. State through Governor’s Special Comm’n on Educ. Services v. Dear, 532 So.2d 902, 904 (La.App. 5 Cir.1988).
| /‘When a plaintiffs petition shows on its face that the action is prescribed, the plaintiff who contends there has been a suspension or interruption of the running of prescription must allege and prove facts establishing the interruption.” Id. Here, the record contains no evidence to support the plaintiffs claim that this suit was not prescribed.
*908 The judgment therefore is affirmed. Costs of this appeal are assessed against the plaintiff.

AFFIRMED

. The other defendants were Newell Normand in his capacity as Sheriff of Jefferson Parish, and Michael Hillaham (collectively "the Sheriff”). Anowi alleged his car was also struck by a Jefferson Parish Sheriff’s Office vehicle operated by Officer Michael Hillaham. The *906 Sheriff filed a motion to dismiss the suit for failure to request service within 90 days of commencement of the action, pursuant to La. R.S. 13:5107(D). The plaintiff voluntarily dismissed his claims against the Sheriff on May 25, 2009, with prejudice, reserving his rights to proceed against the remaining defendants.