SUSAN M. CHEHARDY, Judge.
| pThis is a suit by an insurance company to collect a deductible from its insured. The plaintiff obtained a default judgment and initiated collection proceedings with a judgment debtor rule. The defendant objected to the rule on the ground it was not the proper party. The trial court dismissed the rule and annulled the judgment on which the judgment debtor rule was based. The plaintiff appeals. We vacate and remand.
*952 PROCEEDINGS BELOW
On December 19, 2006, Lexington Insurance Company (“Lexington”) filed a petition for damages against Tasch, Inc., alleging as follows:
Lexington issued Commercial General Liability Policy No. 6500231 to Tasch, Inc., which provided coverage from May 80, 2002 until May 30, 2003. As insurer of Tasch, Inc. under that policy, Lexington paid a total of $55,540.36 to claimant BC Condos for damages caused by Tasch, Inc. By the terms of the policy, Tasch, Inc. is subject to a deductible of $25,000.00. Lexington made demand upon Tasch, Inc. for reimbursement, but Tasch, Inc. refused to reimburse Lexington for the amount of the deductible owed by Tasch, Inc. to Lexington. Lexington alleged that Tasch, Inc. was liable to Lexington for breach of the insurance contract. |..¡Lexington sought recovery of the $25,000.00 deductible, as well as attorney’s fees and costs.
On March 14, 2007, Lexington filed a motion for preliminary default, alleging that the petition was filed on December 19, 2006, that Tasch, Inc. was served on January 2, 2007, and that no answer had been filed by the defendant. On March 22, 2007, the district court signed an order directing entry of a preliminary default.
On May 9, 2008, Lexington filed a motion to confirm the default. The motion was accompanied by a clerk’s certification that no answer or other responsive pleadings had been filed, a non-military affidavit, and a certificate of counsel stating that Lexington had filed suit against Tasch, Inc., that service was properly made upon Tasch, Inc., that all legal delays had lapsed, that the defendant had not filed an answer or other responsive pleadings, and that a preliminary default had been entered against Tasch, Inc. on March 22, 2007. Lexington moved the court to enter a default judgment against Tasch, Inc. for the full sum sought, plus interest and costs.
On May 12, 2008, the court rendered and signed a judgment confirming the preliminary default previously entered. The judgment was in favor of Lexington and against Tasch, Inc., for the full sum of $25,000.00 plus legal interest from the date of judicial demand until paid, as well as all court costs.
On October 2, 2009, Lexington filed another motion to confirm default, in which it alleged that on October 28, 2005, Tasch, Inc. changed its name to Tasch, L.L.C. d/b/a Tasch Construction, Inc., that Tasch, L.L.C. d/b/a Tasch Construction, Inc. is the successor in interest of Tasch, Inc., and that Tasch, L.L.C. d/b/a Tasch Construction, Inc. is a continuation of Tasch, Inc., because it retains the same officers and the same registered agent. Lexington alleged further that no answer |4was filed by Tasch, Inc. or its successor-in-interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc.; that Lexington’s petition for damages against Tasch, Inc. is based on a conventional obligation, the obligation to pay Lexington a $25,000.00 deductible pursuant to Endorsement # 010 of Policy No. 6500231; that a preliminary default was entered against Tasch, Inc. on March 22, 2007; and that neither Tasch, Inc. nor its successor-in-interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc., had filed an answer or other responsive pleadings.
Attached to this petition were a clerk’s certification, a non-military affidavit, and a certificate of counsel, as well as a copy of a letter to the Louisiana Secretary of State from Jack R. Allen, Jr. of Tasch, Incorporated, dated October 28, 2005, advising, “We have approved the use of the name Tasch, L.L.C. All of the officers of Tasch, L.L.C. are the same as Tasch, Inc. and Tasch, Inc. will change its name to Tasch Construction Inc. Accordingly, you have *953 our authorization to issue Articles of Incorporation to Tasch, L.L.C.” Another attachment was a printout from the website of the secretary of state, showing that Tasch, L.L.C. was registered on October 31, 2005, and was in active status and good standing on September 28, 2009. Also attached were documents provided with the previous motion for confirmation of default.
On October 13, 2009, the district court rendered and signed a judgment in favor of Lexington and against “Tasch, Inc., and its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc.” for $25,000.00 plus legal interest from the date of judicial demand until paid, and all court costs.
On December 14, 2010, Lexington filed a Petition for Examination of Judgment Debtor, reciting that it had obtained a final judgment against Tasch, Inc. and/or its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc. (“Tasch”) on October 18, 2009; that pursuant to that judgment, Tasch 15owes Lexington $25,000.00, plus legal interest from the date of judicial demand until paid; and that the judgment remains unsatisfied, and Lexington desires to avail itself of the provisions of Articles 2451 through 2456 of the Louisiana Code of Civil Procedure, “so that Lexington may examine said Defendant on matters pertaining to its estate in conformity with said statute.”
On December 16, 2010 the court issued a judgment debtor rule, ordering “Tasch, Inc. and/or its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc.” to appear for examination on February 7, 2011, with checks, copies of bank statements, copies of the registrations and titles of vehicles registered in its name, and the check registers of every bank account in its name.
On December 21, 2010, Lexington filed a Petition for Writ of Fieri Facias, representing that a judgment had been rendered on October 13, 2009, in favor of Lexington against Tasch, Inc. and/or its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc. in the amount of $25,000.00; that all legal delays had run and no appeal had been taken, making the judgment final; and that Tasch had neither paid nor satisfied the judgment. Lexington sought issuance of a writ of fieri facias directing the sheriff to seize and sell the property of Tasch, Inc. and/or its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc. On January 3, 2011, the district court signed the order for a writ of fieri facias against Tasch, Inc. and/or its successor in interest, Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc., as requested.
On October 31, 2011, Tasch, L.L.C. filed an objection to the judgment debtor examination. Tasch, L.L.C. asserted that the original petition for damages was against Tasch, Inc.; that it was never amended to include Tasch, L.L.C. d/b/a Tasch Construction, Inc. f/k/a Tasch, Inc.; that Tasch, L.L.C. d/b/a Tasch | ^Construction, Inc. was never served with the original complaint nor cited to appear to answer same; and that Tasch, L.L.C. d/b/a Tasch Construction, Inc. was never a named party in any documents until the second Motion and Order to Confirm Default was filed on October 2, 2009, approximately 17 months after the final judgment was first signed on May 12, 2008.
Tasch, L.L.C. asserted that Lexington had tried to avoid possible exceptions of prescription, no right of action, and no cause of action by amending only the Motion and Order to Confirm Default that was filed on October 2, 2009, without mentioning the fact that a judgment had al *954 ready been signed on May 12, 2008, which was a final judgment at the time of the filing of the motion. Tasch, L.L.C. asserted there was never a second action filed against Tasch, L.L.C. d/b/a Tasch Construction, Inc. that could have been combined with the current action. Tasch, L.L.C. requested that the court declare the October 13, 2009 judgment null and void, vacate it, and cast the plaintiff for all costs, including court costs and attorney’s fees.
The objection/opposition to the judgment debtor rule was heard on November 10, 2011. On November 30, 2011, the court rendered judgment that granted the “exception” and declared the judgment signed on October 13, 2009 null and void and vacated it. The judgment also dismissed the Petition for Examination of Judgment Debtor.
In written Reasons for Judgment, the court said,
After hearing oral argument, this Court granted Tasch, LLC’s objection and stated on the record that it’s [sic] reason for doing so was because the Original Petition and Original Judgment were against Tasch, Inc. There was no notice of service on Tasch, LLC. This court further reasoned that there was no problem with the Judgment Debtor Rule proceeding against Tasch, Inc. because that’s who the Judgment was against, however, 17Tasch, LLC must be served if Lexington wanted to have them on the Judgment Debtor rule as well.
Lexington has appealed.
ASSIGNMENTS OF ERROR
On appeal Lexington raises the following issues:
1. Whether Tasch, L.L.C. is the same entity as Tasch, Inc., where the following facts apply: this was simply a name change; Tasch, L.L.C. replaced Tasch, Inc.; Tasch, L.L.C. has the same officers that Tasch, Inc. previously had; Tasch, L.L.C. carries on the same business as Tasch, Inc.; Tasch, L.L.C. continues to hold itself out as Tasch, Inc.; and Tasch, L.L.C. did not operate simultaneously with Tasch, Inc.
2. Whether initially naming Tasch, Inc. as defendant instead of Tasch, L.L.C. renders Lexington’s judgment against Tasch, L.L.C. a nullity, even where the two are not separate, distinct entities, but rather Tasch, Inc. simply changed its name to Tasch, L.L.C., and where Tasch, L.L.C.’s registered agent had notice of the lawsuit by Lexington.
LAW AND ANALYSIS
We do not address the assignments raised by the appellant, however, due to the insufficiency of the record on this appeal. There was no evidence introduced, by either party, in support of or against either Lexington’s judgment debtor rule or Tasch, L.L.C.’s “objection” to the judgment debtor rule. Further, Tasch, L.L.C. did not follow the proper procedure to annul a judgment. The trial court, therefore, had no proper basis for its ruling, so the judgment must be vacated and the matter remanded for further proceedings.
| sInsufficient Evidence in Record
First, Lexington failed to present evidence at the hearing to support the argument it makes regarding the identity of the parties. The documents to which it refers are not a part of the record for purposes of this appeal because they were not introduced into evidence at the hearing of the judgment debtor rule.
Similarly, the arguments made by Tasch, L.L.C. in opposition to the judgment debtor rule are not properly sup *955 ported by appropriate evidence, whether testimonial or documentary. Tasch, L.L.C. argues it cannot be liable for debts of Tasch, Inc. because Tasch, Inc. did not sell any of its assets, goodwill, or anything else to Tasch, L.L.C.
When a party raises an exception or motion that must be proven, it is that party’s burden to present evidence establishing the claims made therein. See La. C.C.P. arts. 930, 931, 963. The exceptions to that rule are the peremptory exception of no cause of action and the motion for summary judgment.
An exception of no cause of action must be tried on the face of the petition alone. La. C.C.P. art. 931; Ramey v. DeCaire, 2003-1299, p. 7 (La.3/19/04), 869 So.2d 114, 118.
A motion for summary judgment is decided on “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.” La. C.C.P. art. 966(B). Summary judgment may be granted only if the documents in the record show that there is no genuine issue as to material fact, and that mover is entitled to judgment' as a matter of law. Id.
Other defenses, however, whether raised by exception or motion or in other pleadings, must be proven by evidence introduced at a hearing, where the trial court performs its function of weighing evidence, making credibility ^determinations, and making factual findings. Scheuermann v. Cadillac of Metairie, Inc., 11-1149, pp. 5-7 (La.App. 5 Cir. 5/31/12), 97 So.3d 423, 427.
Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Mgmt. Services, Inc., 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Id. Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. Id.; La. C.C.P. art. 2164.
These principles are well established in this Circuit. See, e.g., Gulf Coast Bank and Trust Co. v. Eckert, 95-156 (La.App. 5 Cir. 5/30/95), 656 So.2d 1081, writ denied, 95-1632 (La.10/6/95), 661 So.2d 474; Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474; Jackson v. United Services Auto. Ass’n Cas. Ins. Co., 08-333 (La.App. 5 Cir. 10/28/08), 1 So.3d 512; Wilson v. Beechgrove Redevelopment, L.L.C., 09-1080 (La.App. 5 Cir. 4/27/10), 40 So.3d 242; Anowi v. Nguyen, 11-468 (La.App. 5 Cir. 12/13/11), 81 So.3d 905; Tolmas v. Parish of Jefferson, 11-492 (La.App. 5 Cir. 12/29/11), 80 So.3d 1260.

Improper Annulment of Judgment

Second, Tasch, L.L.C. did not follow proper procedure to annul a judgment. Tasch, L.L.C.’s arguments are, in essence, that the October 13, 2009 judgment, on which the judgment debtor proceeding was based, is an invalid judgment. Tasch, L.L.C. points out that Tasch, L.L.C. d/b/a Tasch Construction, Inc. was never served with the petition for damages in this matter, that a final judgment was signed on May 12, 2008, against Tasch, Inc. only, and that Lexington filed an “amended” Motion and Order to Confirm Default on October 2, 2009 which added Tasch, L.L.C. d/b/a Tasch Construction, Inc. as a defendant. Tasch, L.L.C. asserts |10that addition was invalid and that the “default judgment” based on that motion to confirm default was null. We find, however, that Tasch, L.L.C. d/b/a Tasch Construction, Inc., cast as a purported defendant in the October 13, 2009 judgment, cannot raise nullity of *956 the judgment as a defense without initiating a proceeding to annul the judgment.
“The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.” La. C.C.P. art. 2001. La. C.C.P. art. 2002 provides for annulment of a final judgment for vices of form, which include lack of jurisdiction. Article 2002 also states that an action on these grounds may be brought at any time. La. C.C.P. art. 2003 provides that an action to annul a judgment under Article 2002 is lost through acquiescence. La. C.C.P. art. 2004 provides for annulment for vices of substance, specifically fraud or ill practices. Article 2004 limits the time to bring action on those grounds to one year. La. C.C.P. art. 2005 sets out the effect of appeal on annulment of a judgment. La. C.C.P. art. 2006 provides that an action to annul a judgment must be brought in the trial court, even after appeal.
The proper procedure to seek annulment of a judgment for vices of substance not apparent in the record or on the face of the judgment is by direct action to annul the judgment. Coleman E. Adler & Sons, Inc. v. Waggoner, 538 So.2d 1131, 1133 (La.App. 5 Cir.1989). In contrast, an action for nullity for vices of form under Article 2002 may be asserted collaterally and at any time, unlike the action for nullity based on vices of substance found in Article 2004. Charia v. Mungoven, 550 So.2d 939, 941 (La.App. 5 Cir.1989). See also, LaBove v. Theriot, 597 So.2d 1007, 1011 (La.1992).
|, ,DECREE
We find the record before us insufficient to support the ruling of the district court. Accordingly, the judgment is vacated and the matter is remanded for further proceedings. The parties are assessed their own costs for this appeal.

VACATED AND REMANDED