Judgment rendered September 22, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,066-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ROBERT J. MCNEILL                                    Plaintiff-Appellant

versus

LAURA MAE LOFTON, AS                                 Defendants-Appellees
INDEPENDENT EXECUTRIX
OF THE SUCCESSION OF
NETTIE EVELYN MIDKIFF
MCNEILL

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 600510

Honorable Ramon Lafitte, Judge

* * * * *

WAYNE E. WEBB                                        Counsel for Appellant,
                                                     Robert J. McNeill


CHARLES NEUPERT & ASSOCIATES, LLC                    Counsel for Appellees,
By: Charles Joseph Neupert, Jr.                      Laura Mae Lofton, as
                                                     Independent Executrix of
                                                     the Succession of Nettie
                                                     Evelyn Midkiff McNeill,
                                                     and Kevin McNeill

* * * * *

Before GARRETT, STONE, and ROBINSON, JJ.

GARRETT, J., concurs with written reasons.

ROBINSON, J., concurs for the reasons assigned by J. GARRETT.

**STONE, J.**

This is a dispute regarding the ownership of certain immovable property located in Caddo Parish, Louisiana. Robert McNeil ("Robert"), the plaintiff, filed suit requesting a judgment declaring him to be the sole owner of the property by virtue of a testamentary bequest from Ulmer McNeil ("Ulmer"), who died in 2013. Ulmer was survived by his wife, Evelyn McNeil ("Evelyn"), who died in 2016. The defendant, Kevin McNeil ("Kevin"), is the succession representative for the estate of Evelyn McNeil, and claims that Evelyn's estate owns a 50% undivided interest in the property.

Robert claims to be the sole owner of the property by virtue of the following series of alleged transactions: (1) Ulmer created the Ulmer McNeil Revocable Living Trust, and appointed himself trustee thereof; (2) Ulmer donated his interest in the property to the trust in April of 1998; (3) Evelyn donated her interest in the property to the trust approximately 16 days later; (4) using his powers as trustee, Ulmer "donated" the property to himself; and (5) in his will, Ulmer bequeathed the property to Robert.

The matter was tried on the merits in a bench trial. During the first day of trial, the defendant-appellee's counsel withdrew for medical reasons, and the trial was recessed to allow the defendant-appellee to obtain new counsel. After the bench trial, the court issued a judgment declaring that Ulmer and Evelyn acquired the property as husband and wife, and that the donations of their respective interests in the property to the trust are absolute nullities. The trial court judgment further declared that Evelyn never transferred her interest in the property during her lifetime. In its oral reasons for judgment, the trial court stated that the donations were absolutely null

because the alleged trust never existed: there was no evidence that a valid trust instrument had been executed, and the trust extract, which the plaintiff relied upon as a substitute for a trust instrument, failed to validly create or establish the trust.

The plaintiff filed this appeal urging the following assignments of error: (1) the trial court erred in holding that the trust extract did not validly create or establish the trust; and (2) the trial court erred in holding that La. R.S. 9:5646, which establishes a five-year prescriptive period on the rescission of an unauthorized transfer of trust property by a trustee, is inapplicable. For the reasons stated herein, we affirm the trial court judgment.

At the onset, this court must address an issue regarding the record on appeal. On the first day the bench trial, prior to the swearing of the first witness, the attorneys for the respective parties discussed with the trial judge the numerous exhibits that the plaintiff sought to introduce. The defendant-appellee's attorney indicated which exhibits he would allow to be introduced unopposed, and which he would meet with an objection. The trial judge was provided with a courtesy copy of the exhibit book (*i.e.*, a "bench book"). Immediately after the discussion regarding the exhibits, the trial court briefly recessed the proceedings to address another case. The trial resumed later that same day, but was recessed again because defendant-appellee's counsel withdrew for medical reasons. The trial resumed on a later date once the defendant-appellee obtained a new attorney. The defendant-appellee's new attorney inquired on the record whether the exhibit book had been introduced. Both the trial judge and the plaintiff-appellant's attorney indicated their belief that it *already* had been introduced.

2

Crucially, the transcript does not contain any *contemporaneous* indication of the exhibit book being tendered to the clerk of court and being deemed admitted by the trial judge. Consistent with the lack of contemporaneous indication of admission in the transcript, the record on appeal does not contain any exhibits. Furthermore, the appellant has not alleged that the exhibits *were* admitted at trial but somehow omitted from the record. Accordingly, this court must conclude that the exhibits were not introduced at trial.

**DISCUSSION**

"Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record." *Denoux v. Vessel Mgmt. Servs., Inc.,* 07-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88; *Anowi v. Nguyen,* 81 So. 3d 905 (La. App. 5 Cir. 2011), *writ denied*, 85 So. 3d 1247 (La. 2012); *Wilson v. Beechgrove Redevelopment, L.L.C.,* 09-1080, p. 6 (La. App. 5 Cir. 4/27/10), 40 So. 3d 242, 245. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. *Denoux, supra*.

A party who fails to introduce his evidence at trial on the merits is not entitled to remand for the introduction of evidence. *In re Investigation of Smith*, 546 So. 2d 561, 562 (La. App. 1 Cir. 1989), *writ denied sub nom. In re Smith,* 550 So. 2d 636 (La. 1989); *Gulf Coast Bank & Tr. Co. v. Eckert*, 95-156 (La. App. 5 Cir. 5/30/95), 656 So. 2d 1081, 1084, *writ denied*, 95-1632 (La. 10/6/95), 661 So. 2d 474.[1] We recently reaffirmed this long-

---

[1] Similarly, if a party attempts to introduce evidence at trial, but the trial court excludes the evidence, that party must make a proffer of the evidence in the trial court; otherwise, whatever right the party had to introduce that evidence is waived and cannot be raised on appeal. La. C.E. art. 103.

3

standing principle in *Dalton v. Graham*, 53,452 (La. App. 2 Cir. 4/22/20), 295 So. 3d 437, 439, *writ denied*, 20-00740 (La. 10/6/20), 302 So. 3d 535. Therein, the appellant failed to introduce any evidence regarding the amount of the damages that would be caused by the clearing of timber on the appellant's land, and the trial court accordingly denied the appellant's claim for damages. On appeal, the appellant requested this court to remand to give the appellant another opportunity to introduce that evidence. We refused to do so, stating:

> The evidence at trial established that construction of the servitude along the southern boundary route will require clearing of timber on the defendants' property. However, the trial court denied the defendants' claim on the ground that they failed to introduce any evidence regarding the *amount* of money damages that would result from clearing the timber. [Emphasis in original]. Our review of the record confirms that the defendants did not introduce any such evidence. Thus, unfortunately, the trial court reached the only possible correct conclusion.

*Id.* at 443.

In this case, the plaintiff-appellant had the burden of proving both the occurrence and prima facie validity of the alleged transactions on which he relies to establish his claim of sole ownership. By failing to introduce any exhibits, the plaintiff-appellant clearly failed to carry that burden of proof. For this reason alone, the judgment of the trial court must be affirmed.[2]

---

[2] Any holding other than the one we express here would create authority for the proposition that if a party fails to introduce his evidence at trial he is entitled to a "second bite at the apple." Such a precedent would be an utter disaster for litigation procedure. A major, long-standing criticism of the judicial system in our society is how slowly cases are resolved; another is how costly litigation is. Creating an entitlement to remand in such situations as this would further prolong litigation and require litigants to spend even more money to obtain final resolution. Such a precedent would also be a slippery slope. There is nothing in the record here to suggest extraordinary circumstances justified the appellant's failure to introduce his evidence at trial (if any such circumstances there could be); thus, there would be no principled way of distinguishing this case from any other case wherein a party forgot to introduce his evidence. Such precedent would open the floodgates to endless litigation and would upset one of the most basic, long-standing traditions in our jurisprudence.

## CONCLUSION

The judgment of the trial court is **AFFIRMED**. All costs of this appeal are taxed to the appellant.

**GARRETT, J., concurring.**

I respectfully concur in the result which affirms the judgment below recognizing the Succession of Nettie Evelyn Midkiff McNeill as the owner of an undivided one-half interest in and to the property at issue.

I am unable to conclude that the evidence was never admitted without at least providing the parties an opportunity to address and/or make a record on this issue on remand. Neither party has raised this as an issue on appeal, as it appears they both thought the exhibits had been admitted into evidence, and they have both filed briefs addressing the merits of the case. The majority fails to recognize that there are statutes authorizing remands under appropriate circumstances, such as where the record on appeal omits a material part of the trial court record, like evidence. *See* La. C.C.P. arts. 2088, 2132, and 2161. Numerous cases have ordered remands to correct records in such circumstances. *See Jackson v. Wal Mart Properties, Inc.*, 443 So. 2d 3 (La. App. 3 Cir. 1983); *Succession of Landry*, 2020-0398 (La. App. 4 Cir. 3/31/21), 315 So. 3d 949; *Thomas v. Thomas*, 2016-0570 (La. App. 4 Cir. 3/15/17), 214 So. 3d 97. *See and compare Allain v. Martco P'ship*, 2001-0614 (La. App. 1 Cir. 4/17/02), 828 So. 2d 587, *writ granted*, 2002-1796 (La. 10/4/02), 826 So. 2d 1132, and *rev'd on other grounds*, 2002-1796 (La. 5/23/03), 851 So. 2d 974.

The present case is clearly distinguishable from the facts in *Dalton v. Graham*, *supra*, cited by the majority, in which there was no attempt whatever to admit any evidence or exhibits to support a claim for money damages. The issue of damages was not litigated below in that case. In this case, the attorneys clearly relied upon and used the exhibits, many of which appear to be joint exhibits, both pretrial, during the trial, posttrial, and now

1

before us.  As explained in the majority opinion, counsel for the defendant became ill during the trial.  Plaintiff's counsel agreed to a recess so the ill attorney could withdraw.  New counsel enrolled and filed an amended answer asserting fraud, duress, error, and failure of consideration.  The amended answer also questioned the formation of the purported trust and whether it ever constituted a valid legal entity.  He obviously had to review all the exhibits before he prepared and filed the amended answer, and then stepped into the middle of an ongoing trial.  When new counsel for the defendant appeared at the second day of trial on October 15, 2019, he utilized the exhibits while questioning witnesses.  The record before us is clear that the trial court and the attorneys were all operating under the premise that the exhibits were introduced into evidence.  For example, after plaintiff's counsel finished questioning his client on direct examination during the first day of trial on June 19, 2019, he stated:

> The exhibits that I went through have been offered and introduced into evidence, so I tender the witness.

While defense counsel was cross-examining the same witness that same day, a question arose about a certain exhibit.  The trial court stated:

> …this was offered by you earlier, we labeled it Exhibit 69, and it's already in evidence.

When the trial resumed on the second day on October 15, 2019, new counsel for the defendant inquired about the exhibits, and the following colloquy occurred:

> MR. NEUPERT:  Your Honor, just to make sure I understand where we are.  The trial book with the 68 odd exhibits, that's been offered and introduced into evidence; correct?
>
> THE COURT:  That's my understanding.
>
> MR. WEBB:  Yes.

2

When the trial court provided its oral reasons for ruling in open court on October 9, 2020, the pertinent exhibits were again referenced. If there was ever a case where the attorneys should be given an opportunity to address and rectify what was probably a simple clerical error by the minute clerk regarding the admission of the exhibits, this is it. Remand for clarification of the record under La. C.C.P. art. 2132 is the proper course of action.

Assuming, *arguendo*, that the attorneys and trial court would all agree, on a remand, that the exhibits were introduced and their absence from the record was obviously due to a clerical error, the record, of course, would come back to us. In order to avoid any further legal delays in this matter, I have reviewed what would be germane, as copies of the missing documents are contained in the record. The issue in this case boils down to an analysis of the documents recorded in the property records of Caddo Parish, the legal effect of those documents, and the legal consequences of the parties' inability to produce the purported trust documents upon which the plaintiff's title rests.

In my view, there are so many title issues and legal problems presented by the documents upon which the plaintiff claims 100% ownership that the trial court reached the correct result here – Nettie Evelyn Midkiff McNeill and, after her death, the Succession of Nettie Evelyn Midkiff McNeill, owns an undivided one-half interest in the property.

Although the trial court focused on the absence of the original trust document, this is but one of the many title issues in this matter. Among the others are: (1) incomplete, inconsistent, and confusing property descriptions; (2) lack of consideration for the transfers; (3) improper

3

disposition of community property under La. C.C. art. 2337, rendering any purported transfers absolute nullities; and (4) unauthorized donation of trust property by a trustee to himself, in violation of the Louisiana Trust Code. *See* La. R.S. 9:2085(A).

Further, there are no innocent or unrelated third-party transferees here. Therefore, La. R.S. 9:5646 cannot be invoked in an attempt to cure all the legal and title problems that are present in this case. Accordingly, although the proper course is remand for a ruling on whether the documents referenced by both parties were missing from the record due to a clerical error, assuming those documents were admitted into evidence, I would affirm the judgment below, as the correct result was reached. Therefore, I concur in the result.