PETTIGREW, J.
|,In this personal injury action, defendants challenge the trial court’s judgment in favor of plaintiffs, arguing that the matter was prescribed. Defendants further appeal the trial court’s denial of their mo *481 tion for new trial.[1] For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 11, 2011, plaintiffs, Karen Ar-nouville, Chris Arnouville, and Felicia Ray, filed suit in the United States District Court, Eastern District of Louisiana (“the federal suit”), to recover damages for personal injuries allegedly resulting from an automobile accident on April 13, 2010, on Highway 16 in Tangipahoa Parish. Named as defendants in plaintiffs’ complaint were Annie H. Crowe and Shelter Mutual Insurance Company (“Shelter”). Returns of service of process were dated August 17, 2011, for Ms. Crowe, and June 2, 2011, for Shelter. According to plaintiffs’ complaint, the basis for federal jurisdiction was diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The plaintiffs alleged that they were domiciled in Louisiana; that Ms. Crowe was domiciled in Arkansas; that Shelter was domiciled in Missouri; and that the damages would exceed the federal $75,000.00 amount-in-controversy requirement.
Ms. Crowe moved to dismiss for lack of subject matter jurisdiction, arguing that she was a Louisiana resident at the time the original complaint was filed. Thus, Ms. Crowe maintained, the parties were not diverse in citizenship, and the federal district court lacked jurisdiction over the case. Attached to the memorandum in support of the motion to dismiss was Ms. Crowe’s affidavit confirming that she was a Louisiana resident when suit was filed.[2]
|gOn October 13, 2011, the federal district court denied the motion, concluding as follows:
Before the Court is a motion to dismiss filed by defendant, Annie H. Crowe (a/k/a Annie Aureilia Stevenson, “Crowe”), pursuant to Fed. R. Civ. P. 12(b)(1). Crowe asserts that, because the parties are not completely diverse, this Court lacks subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs, Karen Arnouville, Chris Arnouville and Felicia Ray (“plaintiffs”), oppose the motion. For the following reasons, the motion is DENIED.
[[Image here]]
Before the Court is a copy of Crowe’s Louisiana driver’s license and her affidavit swearing that she moved to Louisiana and became a Louisiana citizen before this lawsuit was filed. However, plaintiffs’ complaint alleges that the parties are citizens of different states and the plaintiffs challenge whether Crowe, in fact, moved to Louisiana. Consequently, at this time, the Court cannot resolve this factual dispute and it is unable to conclude that the Court lacks subject-matter jurisdiction with respect to this case.
*482 Accordingly,
IT IS ORDERED that Crowe’s motion to dismiss pursuant to Rule 12(b)(1) is DENIED.
IT IS FURTHER ORDERED that, once jurisdictional discovery has been completed, Crowe is GRANTED leave to file a motion for summary judgment with respect to her citizenship status if such issue remains outstanding. [Footnotes omitted.]
Plaintiffs filed suit against defendants in the 21st Judicial District Court (“the instant suit”) on June 28, 2012, seeking damages based upon the April 13, 2010 accident. Defendants re-filed the motion to dismiss for lack of subject matter jurisdiction in federal court on June 20, 2012, along with the transcript of Ms. Crowe’s deposition, which indicated that Ms. Crowe acquired a Louisiana driver’s license in January 2011, and moved to Louisiana on March 20, 2011. Before the motion to dismiss was decided, the federal district court entered an order on July 11, 2012, providing as follows:
A telephone conference was held on this date with counsel for plaintiffs ... and counsel for defendants ... participating. During the conference, counsel for plaintiffs and counsel for defendants consented to a voluntary dismissal of this action without prejudice to plaintiffs’ rights to pursue their claims in state court.
Accordingly,
IT IS ORDERED that plaintiffs’ complaint is DISMISSED WITHOUT PREJUDICE to plaintiffs’ rights to timely pursue their claims in state court.
lain response to the instant suit, defendants filed a peremptory exception raising the objection of prescription. Defendants argued that the instant suit was prescribed on its face as it was filed over two years after the accident and that no defendant was served with process within the applicable prescriptive period. Apparently, plaintiffs then filed a motion to reinstate or re-open the federal suit and a new federal complaint with a different docket number and before a different federal district judge.[3]
The trial court held a hearing on the prescription exception on November 12, 2012. After considering the argument of respective counsel, the trial court denied the exception and defendants’ oral motion for reconsideration and/or new trial, ruling as follows:
After having heard the arguments and looking at what appears to be the evidence in this case, I find that the suit was filed — the filing of the suit in federal court prior to a dismissal .in federal court constituted an interruption and this matter was filed in this court, which is a competent court prior to any ruling by the federal court of dismissal. Consequently, I do find that it was timely filed.
*483 The trial court signed a judgment in accordance with its findings on November 28, 2012.[4]
The instant suit was set for trial and, on October 16, 2014, defendants reurged their prescription exception. The parties submitted memoranda with attached exhibits in support of their respective positions, but did not introduce any of the exhibits into evidence at the November 3, 2014 hearing on the exception.[5]
^Following the hearing, the trial court again denied the exception, concluding, in pertinent part, as follows:
What I am doing, I am still adhering to the earlier decision that I made on this issue, in that at the time when the suit was filed — it is a couple of things. I am going to expand on that just a little bit.
First off, it was a court of competent jurisdiction, because until some decision was made, and apparently it was never made that — I am talking about in the federal court, it served to interrupt prescription. Until there is a decision or a determination that it is not a court of competent jurisdiction, it certainly seems to me that it serves as something to interrupt prescription.
Before it is ultimately dismissed, suit is filed here. So I find as an interruption, suit was filed here in which then under the notion of the interruption would have been timely. But even more so, and I didn’t address this one in the last one, it is my understanding that pursuant to, in the nature of an agreement or a stipulation.- ■
[[Image here]]
In that chronologically, you have the accident, then prior to the one year anniversary suit is filed in federal court, before that matter is dismissed the suit is filed in state court, subsequent to the filing in state court there is a judgment dismissing without prejudice the matter from federal court.
Based on that, I find that at the time suit was filed here, the interruption did occur, because there had not been a finding that the federal court was not a court of competent jurisdiction. Okay?
The trial court signed a judgment denying defendants’ prescription exception oh November 3, 2014. Defendants once again sought supervisory review to this court, but the writ was denied with the majority writing, “the parties have an adequate remedy by review on appeal'after a final judgment is rendered.” Arnouville v. Crowe, 2014-1678 (La.App. 1 Cir. 11/26/14) (unpublished writ action).
Subsequently, a trial on the merits was held on December 4, 2014. During Ms. Crowe’s testimony, defendants’ counsel attempted to introduce evidence regarding the prescription issue such as Ms. Crowe’s *484 domicile.[6] The trial court indicated that the issue of prescription was moot as it had already been ruled on and affirmed by this court. 1 ^Defendants were allowed to proffer the evidence regarding the domicile/prescription issue.
The trial court issued written reasons for judgment on December 17, 2014, and signed a final judgment on December 30, 2014. The judgment awarded $121,581.00 in damages to plaintiff, Karen Arnouville, $199,342.90 in damages[7] to plaintiff, Felicia Ray, and found defendant, Ms. Crowe, to be 66 ⅜ percent at fault and plaintiff, Chris Arnouville, to be 33 ⅛ percent at fault. Defendants filed a motion for new trial, which was ultimately denied by the trial court. The trial court signed a final judgment on September 23, 2015.
Defendants have appealed, assigning the following specifications of error for our review:
1. The district court erred in denying Defendants’ Exception of Prescription based on the fact that there had been no prior determination that the federal court lacked subject matter jurisdiction.
2. The district court erred in denying Defendants’ Motion for New Trial and erred in failing to determine Ms. Crowe’s domicile at the time the lawsuit was filed in federal court.
MOTION FOR NEW TRIAL
Louisiana Code of Civil Procedure article 1972 provides as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
|fiIn addition to the above, a discretionary ground for a new trial is set forth in La. Code Civ. P. art. 1973, which authorizes a trial court to grant a new trial in any ease if there is good grounds therefor.
Louisiana jurisprudence is clear that a new trial should be ordered when the trial court, exercising its discretion, is convinced by its examination of the facts that the judgment would result in a miscarriage of justice. Pope v. Roberts, 2013-1407, p. 8 (La.App. 1 Cir. 4/16/14), 144 So.3d 1059, 1065. The denial of a motion for new trial, whether on peremptory or discretionary grounds, should not be reversed unless there has been an abuse of the trial court’s discretion. Rao v. Rao, 2005-0059, p. 7(La.App. 1 Cir. 11/4/05), 927 So.2d 356, 361, writ denied, 2005-2453 (La. 3/24/06), 925 So.2d 1232. Applying these precepts to the case before us, we find no error.
*485 Defendants allege on appeal that the trial court erred in denying their motion for new trial, which was based on the “exclusion from evidence at trial of the testimony and documentation showing that ... [Ms.] Crowe was a citizen of Louisiana at the time when plaintiff filed suit in federal court,” and the denial of defendants’ prescription exception. In their motion for new trial, defendants argued that judgment should be rendered admitting into evidence the proffered testimony and documents concerning Ms. Crowe’s domicile and dismissing this suit with prejudice on the basis of prescription.
After considering defendants’ motion for new trial and the arguments of counsel below, the trial court[8] rejected defendants’ arguments and concluded no grounds had been shown for granting a new trial. After reviewing the memorandum, we agree and conclude that the trial court did not abuse its discretion in denying defendants’ motion for new trial under either Article 1972 or Article 1973. As set forth below, the record clearly demonstrates that the judgment is not contrary t’o the law and the evidence; nor do the facts established herein indicate that the judgment would result in a miscarriage of justice. Thus, defendants’ second assignment of error is without merit.
[^PRESCRIPTION
Louisiana Civil Code Article 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. Raborn v. Albea, 2013-0633, p. 6 (La.App. 1 Cir. 4/16/14), 144 So.3d 1066, 1070-1071, writ denied, 2014-1239 (La. 9/26/14), 149 So.3d 264. The objection.of prescription may be raised by a peremptory exception. La. Code Civ. P. art. 927(A)(1). At the trial of a peremptory exception pleaded at or prior to trial, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. Code Civ. P. art. 931.. Generally, in the absence of evidence, the exception of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. Kirby v. Field, 2004-1898, p. 6 (La. App. 1 Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 2005-2467 (La. 3/24/06), 925 So.2d 1230. Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 2009-2632, p. 7 (La. 7/6/10), 45 So.3d 991, 998. However, if a petition has prescribed on its face, the burden shifts to the plaintiff to show that the action has not prescribed. Wheat v. Nievar, 2007-0680, p. 4 (La.App. 1 Cir. 2/8/08), 984 So.2d 773, 775.
Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. Bailey v. Khoury, 2004-0620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275. Prescription may be renounced, interrupted, or suspended. See La. Civ. Code arts. 3449 through 3472. According to Article 3462, “[prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue[;]” however, “[i]f action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.” An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from *486 service of process within the prescriptive period continues as long as the suit is pending. La. Civ. Code art. 3463.
| «If evidence is introduced at the hearing on the peremptory exception raising the objection of prescription, the trial court’s findings of fact aré reviewed under the manifest error standard of review. Cawley v. National Fire & Marine Ins. Co., 2010-2095, p. 3 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 237. However, in a case involving no dispute regarding material facts, only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court’s legal conclusions are not entitled to deference. TCC Contractors, Inc. v. Hospital Service Dist. No. 3, 2010-0685, p. 8 (La.App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108.
On appeal, defendants cite the fourth circuit case of White v. Entergy Gulf States, Inc., 2003-2074 (La.App. 4 Cir. 6/16/04), 878 So.2d 786, in support of their position that the trial court erred in not determining whether the federal court had subject matter jurisdiction before ruling on the prescription exception. Defendants argue that the trial court’s concept that subject matter jurisdiction in the federal case “presumptively exists” and its failure to require the plaintiffs to sustain their burden of proving the interruption of prescription under Article 3462 are clearly erroneous.
Plaintiffs respond by arguing that the federal court actually ruled on this exact issue when it denied defendants’ motion to dismiss in federal court on October 13, 2011, concluding, in part, that “at this time, the Court cannot resolve this factual dispute and it is unable to conclude that the Court lacks subject-matter jurisdiction with respect to this case.” Plaintiffs note that this judgment was never appealed by defendants. Moreover, plaintiffs point to the trial court’s three separate rulings wherein it denied defendants’ prescription exception, finding that the federal court was a court of competent jurisdiction and that filing suit in federal court interrupted prescription.
We have thoroughly reviewed the record before us and find no merit to defendants’ arguments on appeal. The White case cited by defendants in them brief can easily be distinguished from the facts we have before us. In White, Delesia White died on March 23, 1999, while an employee of En-tergy. Suit was filed in federal court on March 22, 2000, based on diversity of citizenship. Service was made on the defendants on March 31, 2Ó00, and Entergy moved to dismiss based on lack of | Jurisdiction. Before determining the jurisdictional issue, the federal court placed the action on “administrative stay” while the plaintiff filed a new suit in state court. Thereafter, defendants filed an exception raising the objection of prescription, which the trial court granted, finding that because the original complaint was filed in an incompetent court and service of process was not made until after the prescription date, the plaintiffs claim had prescribed under Article 3462. White, 2003-2074 at 1-2, 878 So.2d at 788.
On appeal, the fourth circuit acknowledged the longstanding principle that a court lacking subject matter jurisdiction is not a court of competent jurisdiction. White, 2003-2074 at 4, 878 So.2d at 790 (citing Venterella v. Pace, 180 So.2d 240 (La.App. 4 Cir.1965)). However, the fourth circuit noted that in the case before it, the federal court had not ruled on the jurisdiction, rather the federal court proceeding was stayed pending the outcome of the state court proceeding. The court noted:
The only finding that the federal court lacked jurisdiction in this case comes *487 from the state court action. After a review of the trial court proceedings, we find that the record was insufficient for the trial court to make such a factual determination as to whether the federal court was a court of competent jurisdiction.
White, 2003-2074 at 5, 878 So.2d at 790. The fourth circuit reversed the trial court’s grant of the prescription exception and remanded for further proceedings, finding as follows:
[Bjefore ruling on the issue of prescription, the trial court must make further inquiry into Entergy’s principal place of business in order to' correctly ascertain whether the federal court was a court of competent jurisdiction. Only then can a proper determination be made as to whether appellant’s case has prescribed.
White, 2003-2074 at 7-8, 878 So.2d at 791.
In the instant suit, the federal court had maintained its subject matter jurisdiction by denying defendants’ motion to dismiss due to lack of diversity. At the time plaintiffs filed the instant suit, the federal suit was still pending in a court of competent jurisdiction. The trial court concluded that the timely filed suit in federal court interrupted prescription in this case. We agree with the trial court’s findings that until there was a decision by the federal court that it lacked jurisdiction, the federal suit | ^served to interrupt prescription, an interruption that continued as long as the federal suit was pending. See La. Civ. Code arts. 3462 and 3463. Thus, the instant suit was timely filed in state court on June 28, 2012, as it was filed before the federal suit was dismissed by order signed on July 11, 2012, with the consent of the parties who agreed to a voluntary dismissal of the federal action without prejudice to plaintiffs’ rights to pursue their claims in state court.
CONCLUSION
For the above and foregoing reasons, and for the sound reasons expressed by the trial court in its ruling on the prescription exceptions herein, we conclude on our de novo review of this matter that the plaintiffs’ claims against defendants were not prescribed at the time the instant suit was filed in state court, and that the trial court’s judgments denying defendant's’ exception raising the 'objection' of prescription were correct as a matter of law. We further find no abuse of discretion by the trial court in its denial of defendants’ motion for reconsideration and/or new trial. Accordingly, the trial court’s December 30, 2014 judgment on the merits and its September 23, 2015 judgment denying the motion for reconsideration and/or new trial are affirmed. All costs associated with this appeal are assessed against defendants, Annie H. Crowe and Shelter Mutual Insurance Company.
AFFIRMED.
McDonald, J. dissents and assigns reasons.

. Generally, the denial of a motion for new trial is an interlocutory and non-appealable judgment. McKee v. Wal-Mart Stores, Inc., 2006-1672, p. 8 (La.App. 1 Cir. 6/8/07), 964 So.2d 1008, 1013, writ denied, 2007-1655 (La. 10/26/07), 966 So.2d 583. However, an appellate court may consider interlocutory judgments, such as the denial of a motion for new trial, as part of an unrestricted appeal from a final judgment. GE Commercial Finance Business Property Corp. v. Louisiana Hosp. Center, L.L.C., 2010-1838, p. 6 n. 4 (La.App. 1 Cir. 6/10/11), 69 So.3d 649, 653 n. 4. Because defendants’ challenge of the trial court’s denial of their motion for new trial is part of the appeal from the final judgment, we may consider the issue on appeal.

. In her affidavit, Ms. Crowe testified that at the time of the accident, her address was in Cabot, Arkansas; however, at the time the federal suit was filed, her address was in Franklinton, Louisiana. Ms. Crowe further declared that at the time the federal suit was filed, she was a citizen and resident of Louisiana.

. Although neither the motion to reinstate or re-open the federal suit nor the new federal complaint appear in the • record before us, plaintiffs make reference to both in one of the many memoranda filed with the trial court. Moreover, there is an order bearing docket No. 11-798 (the same docket No. that appears on the original federal suit filed on April 10, 2011) signed by the federal district judge on November 14, 2012, granting plaintiffs' motion to withdraw the motion to reinstate or reopen the federal suit. There is a separate order dated November 21, 2012, bearing a federal docket No. 2:12-cv-02730, referencing a motion to dismiss filed by plaintiffs. In said order, the federal district judge granted the motion to dismiss, "dismissing this suit, without prejudice, reserving the plaintiffs ’ rights to proceed in the 21st Judicial District Court, Parish of Tangipahoa, State of Louisiana, No, 2012-0002071.” (Emphasis in original.)

. Following this judgment, defendants filed two writ applications with this court, Arnouville v. Crowe, 2012-2097 (La.App. 1 Cir. 3/25/13) and 2013-0699 (La.App. 1 Cir. 8/6/13) (unpublished writ actions), both of which this court declined to consider due to rule violations.

. Although it would appear that the trial court erred in considering the materials attached to the memorandums in support and in opposition to the prescription exception, see Our Lady of the Lake Hosp. v. Vanner, 95-0754, p. 5 (La.App. 1 Cir. 12/15/95), 669 So.2d 463, 465, cert. denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998), we note there was no objection to consideration of the evidence at the trial court level or on appeal. Accordingly, the evidence was sufficient to allow the trial court to rule on the prescription exception and is sufficient to allow this court to review the trial court’s decision on that issue. Saia v. Asher, 2001-1038, p. 5 (La.App. 1 Cir. 7/10/02), 825 So.2d 1257, 1260-1261.

. According to the record, just prior to the trial of this matter, defendants filed a renewed prescription exception and a Motion to Establish 2011 Domicile of Annie Crowe Stevenson and Establish Subject Matter Jurisdiction, both of which were denied by the trial court.

. There is a discrepancy in the trial court's December 30, 2014 judgment, which we simply note for the record. While the judgment awarded Felicia Ray a total damage award of $199,342.90, the actual damages awarded were $199,342.99 ($15,342.99 for past medical expenses, $34,000.00 for future medical expenses, and $150,000.00 for general damages).

. We note that the motion for new trial was heard by the Honorable Jeff Johnson, who filled the seat vacated by the Honorable Wayne Ray Chutz, who was elected to this court in January 2015.