STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0425

MAISHA HARRELL-BIJOU, SANDRA HARRELL, BRIAN HARRELL,
AND MADISON HARRELL

VERSUS

MICHAEL P. GUARINO, AAA COOPER TRANSPORTATION, INC.,
AND ACE AMERICAN INSURANCE COMPANY

*Judgment Rendered:* **NOV 1 6 2023**

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2021-14925, Division D

The Honorable John A. Keller, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Jeremy J. Pichon<br>New Orleans, Louisiana | Counsel for Plaintiffs/Appellants<br>Maisha Harrell-Bijou, Sandra<br>Harrell, Brian Harrell, and<br>Madison Harrell |
| Michael R. Sistrunk<br>Reed S. Minkin<br>Covington, Louisiana | Counsel for Defendants/Appellees<br>Michael P. Guarino, AAA Cooper<br>Transportation, Inc. and Ace<br>American Insurance Company |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

Penzato, J. Concurs
by Theriot.

**THERIOT, J.**

In this suit for damages arising out of an automobile accident, the plaintiffs appeal two trial court judgments dismissing their claims as prescribed. For the reasons set forth herein, we vacate the July 25, 2022 judgment, amend the April 19, 2022 judgment, and as amended, affirm.

## FACTS AND PROCEDURAL HISTORY

The automobile accident at issue in this matter occurred on May 7, 2020, when a vehicle owned by Brian Harrell, driven by Maisha Harrell-Bijou, and occupied by Sandra Harrell and Madison Harrell (collectively "plaintiffs"), was involved in a collision while traveling northbound on Highway 25 in St. Tammany Parish. Plaintiffs allege that the accident was the end result of an aggressive road rage battle between two southbound truck drivers, Floyd Dillon and Michael Guarino. According to plaintiffs' petition, Dillon and Guarino had been engaged in a road rage battle for many miles, in which they sped up and slowed down, cutting each other off, passing in front of each other continually, and refusing to let each other safely pass. As Dillon attempted to merge back into the southbound lane after passing Guarino's truck, Guarino's truck struck the rear of Dillon's truck, causing Dillon's truck to spin out of control, enter the northbound lane, and strike the plaintiffs' vehicle.

On May 6, 2021, plaintiffs filed a suit for damages arising from the accident in the United States District Court, Eastern District of Louisiana ("the federal suit") against Guarino, his employer, AAA Cooper Transportation, Inc., and Ace American Insurance Company, alleging diversity of citizenship as the basis for jurisdiction. AAA Cooper Transportation and Ace American Insurance Company were each served with the federal suit on May 17, 2021. There is no allegation that Guarino was ever served with the federal suit. The federal suit was subsequently dismissed on October 18, 2021 for lack of subject matter jurisdiction.

2

Following the dismissal of the federal suit, plaintiffs filed this suit against Guarino, AAA Cooper Transportation, and Ace American Insurance in the 22nd Judicial District Court on November 17, 2021. Guarino filed a peremptory exception seeking dismissal of plaintiffs' claims against him on the grounds of prescription and failure to state a cause of action.[1] AAA Cooper Transportation and Ace American Insurance did not file exceptions or answers or make appearances in the instant suit.

A hearing was held on Guarino's exceptions on March 24, 2022, at the conclusion of which the trial court found that plaintiffs' state court claims were prescribed. The trial court signed a judgment on April 19, 2022, sustaining Guarino's exception of prescription and ordering that "the above captioned matter be and hereby is dismissed with prejudice."[2] Plaintiffs filed a notice of intent to apply for supervisory writs on April 25, 2022. The trial court originally set the return date for May 27, 2022, but following plaintiffs' request for an extension due to a delay in preparation of the transcript, the trial court extended the return date until June 27, 2022, and ordered that "all proceedings are stayed until that date or until the First Circuit Court of Appeal has ruled on Plaintiffs' application, whichever is later."

Following the filing of plaintiffs' writ application with this Court, but before any ruling on the plaintiffs' writ application, Guarino filed a motion in the trial court on July 14, 2022, seeking to amend the April 19, 2022 judgment to correct alleged deficiencies in the decretal language. Guarino's motion alleged that the April 19, 2022 judgment was a final judgment under La. C.C.P. art. 1841 because it determined the merits in whole or in part, and therefore, it could be amended at

---

[1] Although Guarino was the only defendant who filed an exception, the basis of his peremptory exception of no cause of action was that plaintiffs failed to state a cause of action against AAA Cooper Transportation.

[2] The April 19, 2022 judgment also declared Guarino's exception of no cause of action moot in light of the trial court sustaining the exception of prescription, denied Guarino's request for reasonable attorney fees, and granted his request for an award of $655.00 for costs incurred in bringing the exceptions. Notice of the April 19, 2022 judgment was mailed to the parties on April 28, 2022.

3

any time pursuant to La. C.C.P. art. 1951 to correct deficiencies in the decretal language. The proposed amended judgment submitted by Guarino amended the decretal language to explicitly provide for dismissal of plaintiffs' claims against all three defendants (the April 19, 2022 judgment only mentioned Guarino, but stated that it dismissed "the above captioned matter"). Guarino's motion noted that counsel for plaintiffs objected to the language of the proposed amended judgment, but did not provide an alternative amended judgment for consideration.

Despite the trial court's stay of the proceedings, it held a hearing on Guarino's motion, following which it granted his motion to amend the April 19, 2022 judgment. The trial court acknowledged the plaintiffs' argument that an exception of prescription cannot be supplied by the trial court in order to dismiss claims against defendants who have not raised the exception, but explained that it was nevertheless going to grant the motion so that the decretal language in the judgment matched the trial court's intent in rendering the April 19, 2022 judgment, which was to dismiss plaintiffs' claims as prescribed against all parties. On July 25, 2022, the trial court signed the proposed amended judgment, sustaining Guarino's exception of prescription and dismissing plaintiffs' claims against Guarino, AAA Cooper Transportation, and Ace American Insurance with prejudice.[3]

On September 26, 2022, this Court granted plaintiffs' supervisory writ application regarding the April 19, 2022 judgment. Noting that the April 19, 2022 judgment is a final appealable judgment, this Court remanded the matter to the trial court with instructions to grant the plaintiffs an appeal pursuant to their April 25, 2022 notice of intent to seek writs. See Harrell-Bijou v. Guarino, 2022-0693 (La.App. 1 Cir. 9/26/22), 2022WL4463367 (unpublished). The plaintiffs also

---

[3] The July 25, 2022 judgment also declared Guarino's exception of no cause of action moot in light of the dismissal of plaintiffs' claims based on prescription, denied his request for reasonable attorney fees, and granted his request for an award of $655.00 for costs incurred in bringing the exception of prescription.

4

appealed the July 25, 2022 amended judgment, and the appeals of the two judgments have been consolidated for appellate review.

On appeal, plaintiffs argue that the trial court erred in concluding that their claims were prescribed, in supplying the exception of prescription for the defendants who did not assert the exception, in not allowing the plaintiffs to amend their petition before dismissing their claims with prejudice, and in making improper substantive changes to a judgment.

## DISCUSSION

### *Amended Judgment*

Amendment of judgments is governed by Louisiana Code of Civil Procedure article 1951, which provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

A judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment; however, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. *Barges Unlimited Inc. v. Morgan City Stevedores, LLC*, 2022-0691, p. 8 (La.App. 1 Cir. 2/2/23), 367 So.3d 736, 745. Where a trial court signs a second judgment that makes substantive changes to its first judgment without following the proper procedure for doing so,[4] the second judgment is absolutely null and without effect.

---

[4] The only allowable procedures for making a substantive change to a judgment are a contradictory motion for new trial filed by the parties or by the court on its own motion pursuant to La. C.C.P. art. 1971; amendment by consent of the parties; or a timely appeal. *First NBC Bank*, 2021-1210 at p. 4, n.5, 353 So.3d at 196, n.5.

5

*First NBC Bank v. River Park Development, LLC*, 2021-1210, p. 4 (La.App. 1 Cir. 9/16/22), 353 So.3d 193, 196.

The July 25, 2022 amended judgment made substantive changes to the April 19, 2022 judgment, in that it dismissed plaintiffs' claims against additional defendants not named in the first judgment.[5] Because it made substantive changes, it could only be accomplished pursuant to a motion for new trial, consent of the parties, or a timely appeal. As the changes were not made in accordance with the only allowable procedures for doing so, the July 25, 2022 amended judgment is absolutely null and without effect, and we will only consider plaintiffs' appeal of the April 19, 2022 judgment.

### *Exception of Prescription*

Louisiana Civil Code Article 3492 provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. *Arnouville v. Crowe*, 2016-0046, p. 7 (La.App. 1 Cir. 9/16/16), 203 So.3d 479, 485. The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). At the trial of a peremptory exception pleaded at or prior to trial, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Generally, in the absence of evidence, the exception of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. *Arnouville*, 2016-0046 at p. 7, 203 So.3d at 485. The burden of proving prescription ordinarily lies with the party raising the exception; however, if prescription is evident from the face of the petition, the burden shifts to the plaintiff to show that the action has not prescribed. *T.S v. Congregation of Holy Cross Southern Province, Inc.*, 2022-01826, p. 7 (La. 6/27/23), 366 So.3d 64, 70.

---

[5] See *Duncan v. Gauthier*, 2021-0220, p. 8 (La.App. 1 Cir. 10/28/21), 332 So.3d 1191, 1197 (The addition of a party to a judgment is considered a substantive change).

Appellate review of a judgment ruling on an exception of prescription depends on the manner in which the exception is heard. *Thurman v. Aguilar*, 2021-1513, p. 11 (La.App. 1 Cir. 6/22/22), 343 So.3d 806, 816, *writ denied*, 2022-01109 (La. 11/1/22), 349 So.3d 8. Where, as here, no evidence has been introduced to support or controvert the exception of prescription,[6] the issue of prescription turns upon the proper application and interpretation of statutory law, and the exception presents a question of law subject to the de novo standard of review. *Thurman*, 2021-1513 at p. 11, n.13, 343 So.3d at 816, n.13. Under the de novo standard of review, judgment is rendered on the record, without deference to the legal conclusions of the tribunal below. *Id.*

Here, the face of the November 17, 2021 petition shows that plaintiffs' claims were not filed within one year of the accident. The petition asserts claims for damages resulting from a May 7, 2020 accident, and although it states that a federal suit was filed on May 6, 2021 and was later dismissed for lack of subject matter jurisdiction, there is no allegation that the defendants were served within the prescriptive period so as to interrupt prescription. Thus, plaintiffs' petition is prescribed on its face, and plaintiffs have the burden of proving, by a preponderance of the evidence, that their claims are not prescribed. See *Thurman*, 2021-1513 at p. 11, 343 So.3d at 816. In opposing Guarino's exception of prescription, plaintiffs assert that prescription was interrupted by the timely filing of the federal suit with an immediate request for service on all named defendants. No evidence was offered in support of plaintiffs' opposition.

Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. *Bailey v. Khoury*, 2004-0620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275. Prescription may be renounced,

---

[6] Guarino attached several exhibits related to the federal suit to the memorandum in support of his exceptions. However, documents attached to memoranda do not constitute evidence and cannot be considered, even if physically placed in the record. See *Denoux v. Vessel Management Services, Inc.*, 2007-2143, p. 5-6 (La. 5/21/08), 983 So.2d 84, 88.

interrupted, or suspended. See La. C.C. arts. 3449-3472. Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue.[7] La. C.C. art. 3462. However, if the action is *commenced in an incompetent court, or in an improper venue*, prescription is interrupted only as to a defendant served by process within the prescriptive period. *Id.* An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. La. C.C. art. 3463(A).

Because the federal suit was not filed in a competent court, prescription would only be interrupted as to a defendant served by process within the prescriptive period. The accident at issue in this case occurred on May 7, 2020. Although plaintiffs alleged that the federal suit was filed within the prescriptive period, they offered no evidence that any of the defendants were served within the one-year prescriptive period. Accordingly, plaintiffs failed to prove that prescription was interrupted, and the trial court did not err in sustaining Guarino's exception of prescription and dismissing plaintiffs' claims against Guarino.

Although we have concluded that the trial court did not err in rendering judgment in favor of Guarino on his exception of prescription, the language in the April 19, 2022 judgment stating that "the above captioned matter be and hereby is dismissed with prejudice" is problematic. Guarino's exceptions were the only matters before the court, and he is the only defendant mentioned in the April 19, 2022 judgment. However, since plaintiffs' petition also asserted claims against additional defendants, the trial court erred in dismissing the entire suit. Although the transcript of the July 25, 2022 hearing reveals the trial court's belief that all of plaintiffs' claims were prescribed and desire to dismiss the suit in its entirety for that reason, the plea of prescription must be specifically pleaded and may not be

---

[7] A "competent court" or "court of competent jurisdiction" is a court that has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding. La. C.C.P. art. 5251(4).

8

supplied by the court. La. C.C.P. art. 927(B); *Thurman*, 2021-1513 at p. 18, 343 So.3d at 821. To the extent that the April 19, 2022 judgment purports to dismiss claims other than plaintiffs' claims against Guarino, it is in error. For that reason, we amend the portion of the April 19, 2022 judgment that dismisses "the above captioned matter" to state that plaintiffs' claims against defendant, Michael P. Guarino, are dismissed with prejudice.

### *Opportunity to Amend*

Plaintiffs also argue on appeal that the trial court erred in not affording them an opportunity to amend their petition before dismissing their claims with prejudice. Louisiana Code of Civil Procedure article 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, the action shall be dismissed. La. C.C.P. art. 934. The right to amend a petition following the sustaining of a peremptory exception is not absolute; amendment is not permitted when it would constitute a vain and useless act. *Palowsky v. Cork*, 2019-0148, p. 10 (La.App. 1 Cir. 5/20/20), 304 So.3d 867, 875. Louisiana Code of Civil Procedure article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. The right to amend one's petition is qualified by the restriction that the objections to the petition be curable. *Id.* The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Stolzle v. Clayton*, 2018-1641, p. 6 (La. App. 1 Cir. 7/11/19), 280 So. 3d 1240, 1244, *writ denied*, 2019-01745 (La. 1/14/20), 291 So.3d 679.

In this case, the plaintiffs did not request leave to amend their petition, either in their opposition to Guarino's exception or at the hearing on the exception.

9

Further, it does not appear that the objections to the petition are curable, as plaintiffs do not argue that any defendant was served with the federal suit within the prescriptive period. Thus, we find no abuse of discretion in the trial court's failure to allow amendment of the petition prior to dismissal of the plaintiffs' claims against Guarino.

## CONCLUSION

For the reasons set forth herein, the July 25, 2022 trial court judgment is vacated, and the April 19, 2022 trial court judgment is amended in accordance with this ruling and affirmed as amended. Costs of this appeal are to be borne equally by the parties.

**JULY 25, 2022 JUDGMENT VACATED; APRIL 19, 2022 JUDGMENT AMENDED AND AFFIRMED AS AMENDED.**