STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0174

STATE OF LOUISIANA

VERSUS

ELTON W. WHITE

JUDGMENT RENDERED: ___SEP 2 6 2024___

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 737,688 • Division O

The Honorable Wilson E. Fields, Presiding Judge

* * * * * * *

Liz Murrill
*Attorney General*
Christine Rozas
Patrick Voelker
*Assistant Attorney Generals*
Baton Rouge, Louisiana

COUNSEL FOR APPELLANT
PLAINTIFF—The State of Louisiana

Dale R. Baringer
Benjamin J.B. Klein
William H. Caldwell
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—Elton W. White

* * * * * * *

BEFORE: MCCLENDON, WELCH, AND LANIER, JJ.

**WELCH, J.**

The plaintiff, the State of Louisiana, through the Louisiana Department of Justice, Office of the Attorney General ("the Attorney General"),[1] appeals a judgment in favor of the defendant, Elton W. White, sustaining his peremptory exception raising the objection of prescription and dismissing, with prejudice, the Attorney General's petition seeking a injunctive relief and damages against Mr. White for his alleged violations of the Louisiana Equal Housing Opportunity Act. Finding no error in the judgment of the trial court, we affirm.

## BACKGROUND

On September 6, 2023, the Attorney General commenced these proceedings against Mr. White pursuant to the provisions of the Louisiana Equal Housing Opportunity Act, La. R.S. 51:2601, *et seq.* ("the Act"). According to the Attorney General's petition, Rolanda Callendar filed a timely complaint with the Attorney General on March 1, 2019 alleging that Mr. White committed discriminatory acts in violation of the Act regarding his lease of property to Ms. Callendar. The Attorney General's petition alleged that the discriminatory acts occurred in December 2018 and January 2019, with the last purported discriminatory act occurring on January 15, 2019, when Ms. Callendar was evicted from and vacated the leased premises.[2] The Attorney General's petition further alleged that, in accordance with the terms of the Act, the Attorney General had conducted an investigation into the complaint, which concluded with a reasonable cause determination that Mr. White had discriminated against Ms. Callendar on the basis of sex, and that pursuant to the Act, the Attorney General was empowered to bring the present action.[3] The Attorney General sought injunctive relief against Mr. White, as well as a temporary restraining

---

[1] See La. R.S. 51:2610 and 51:2614.

[2] See La. R.S. 51:2611.

[3] See La. R.S. 51:2611.

order against him during the pendency of the action, prohibiting him from accepting new rental applications or entering into new lease agreements, from taking any retaliatory actions against Ms. Callendar, and from using discriminatory housing practices in violation of the Act.[4] The Attorney General also sought damages from Mr. White, as well as reasonable attorney fees and costs.[5]

In response to the Attorney General's petition, Mr. White filed a peremptory exception raising the objection of prescription pursuant La. R.S. 51:2613(C), which provides that "[i]n no event ... shall any action be brought pursuant to this Chapter more than two years after the alleged discriminatory housing practice occurred." Mr. White noted that, according to the Attorney General's petition, Ms. Callendar's original complaint made to the Attorney General on March 1, 2019 alleged that the last discriminatory housing practice occurred on January 15, 2019. Mr. White further noted that while Ms. Callendar's original complaint filed with the Attorney General was timely under La. R.S. 51:2611, the Attorney General's petition herein for injunctive relief and damages was not filed until September 6, 2023, which was more than two years after the last alleged discriminatory practice occurred. Therefore, Mr. White contended that the Attorney General's action was prescribed.

After a hearing on September 26, 2023, which included the submission of documentary evidence, the trial court sustained the objection of prescription. Thereafter, a judgment in accordance with the trial court's ruling, sustaining the objection of prescription and dismissing, with prejudice, the Attorney General's petition was signed. From this judgment, the Attorney General has appealed.

On appeal, the Attorney General contends that the trial court erred in: (1) finding that the Act's prescriptive period abrogates La. Const. art. XII, §13, which provides that prescription shall not run against the state in any civil matter; (2)

---

[4] See La. R.S. 51:2614.

[5] See La. R.S. 51:2613(E).

3

finding that Ms. Callendar's complaint with the Attorney General did not interrupt prescription; and (3) not allowing the Attorney General the opportunity to amend its petition after sustaining the objection of prescription.

**PRELIMINARY ISSUE**

In addition to the issues raised by the Attorney General on appeal, this case presents a preliminary issue noticed by this Court, *sua sponte*, regarding the date that the judgment was actually signed by the trial court. The judgment itself reflects that it was signed on the "26th day of October, 2022." However, the year that was typed on the judgment—"2022"— is an obvious typographical error. The year "2023" should have been typed instead, as evidenced by: the date of the hearing on the exception (September 26, 2023); the date that the judgment was received by the trial court (October 25, 2023); the date that a copy of the judgment was mailed by the Clerk of Court (October 31, 2023); the minutes of the trial court from October 26, 2023, which reflect that on that date, it signed the judgment from the hearing September 26, 2023; the reference to the judgment being signed on October 26, 2023 in the Attorney General's motion for appeal; and the minutes of the trial court from January 24, 2024, wherein the Attorney General's appeal of the October 26, 2023 judgment was granted. In addition, both parties, in their briefs to this Court, reference the judgment on appeal as being signed by the trial court on October 26, 2023.

Louisiana Code of Civil Procedure article 2164 provides that "[t]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Considering the fact that the record establishes and that all parties agree that the judgment was signed by the trial court on October 26, 2023, instead of October 26, 2022, we deem it just, legal, and proper to remedy the typographical error in the judgment on appeal to reflect that it was signed on October 26, 2023.

4

<u>See</u> **Antwine v. Winfield**, 2015-1850 (La. App. 1st Cir. 9/16/16), 203 So.3d 454, 459.

## LAW AND DISCUSSION

*Prescription*[6]

Liberative prescription is a period of time fixed by law for the exercise of a right. **State Through Div. of Admin. v. McInnis Bros. Const.**, 97-0742 (La. 10/21/97), 701 So.2d 937, 939; <u>see also</u> La. C.C. art. 3447 (defining liberative prescription as a "mode of barring actions as a result of inaction for a period of time"). The objection of prescription may be raised by a peremptory exception. La. C.C.P. art. 927(A)(1). At the trial of a peremptory exception pleaded at or prior to trial, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Generally, in the absence of evidence, the exception must be decided based upon the facts alleged in the petition, which must be accepted as true. **Arnouville v. Crowe**, 2016-0046 (La. App. 1st Cir. 9/16/16), 203 So.3d 479, 485. The burden of proving prescription ordinarily lies with the party raising the exception; however, if prescription is evident from the face of the petition, the burden shifts to the plaintiff to show that the action has not prescribed. **T.S. v. Congregation of Holy Cross Southern Province, Inc.**, 2022-01826 (La. 6/27/23), 366 So.3d 64, 70. Where, as here, the issue of prescription turns upon the proper application and interpretation of statutory law, and the exception presents a question of law, it is subject to the *de novo* standard of review. **Thurman v. Aguilar**, 2021-1513 (La. App. 1st Cir.

---

[6] We recognize that, in opposition to the Attorney General's appeal, Mr. White argues, for the first time, that the applicable time period is peremptive rather than prescriptive. However, in the proceedings below, Mr. White neither argued nor asserted the peremptory exception raising the objection of peremption; rather, he only asserted the objection of prescription. While this Court is authorized under La. C.C.P. art. 927(B) to recognize the peremptory exception raising the objection of peremption on our own motion, we decline to do so. As a general rule, appellate courts will not consider issues raised for the first time on appeal, which were not pleaded in the court below and which the district court has not addressed. **Geiger v. State ex rel. Dept. of Health and Hosp.**, 2001-2206 (La. 4/12/02), 815 So.2d 80, 86. Therefore, on appeal, we address solely the issue of prescription.

5

6/22/22), 343 So.3d 806, 816 n.13, <u>writ denied</u>, 2022-01109 (La. 11/1/22), 349 So.3d 8. Under the *de novo* standard of review, judgment is rendered on the record, without deference to the legal conclusions of the tribunal below. *Id.*

As previously set forth, Mr. White filed a peremptory exception raising the objection of prescription based on La. R.S. 51:2613(C), which provides that "[i]n no event … shall any action be brought pursuant to this Chapter more than two years after the alleged discriminatory housing practice occurred," and based on the face of the Attorney General's petition (filed on September 6, 2023), which establishes that it was filed more than two years after the last alleged discriminatory housing practice occurred on January 15, 2019.

In opposing Mr. White's exception, the Attorney General asserted that its claims were not prescribed because La. R.S. 51:2613(C) was not applicable to actions brought by the Attorney General. The Attorney General argued that La. R.S. 51:2613 pertains to the enforcement of the Act by private persons, whereas this action was brought pursuant to La. R.S. 51:2614, which pertains to enforcement of the Act by the Attorney General. In addition, the Attorney General pointed out that, under the Article XII, Section 13 of the Louisiana Constitution, prescription does not run against the State unless otherwise expressly provided by law or the constitution and that these statutes do not expressly abrogate this constitutional mandate. Alternatively, the Attorney General argued that even if prescription runs against it and La. R.S. 51:2613(C) was applicable to the Attorney General's claims under the Act, Ms. Callendar's timely filing of her claim with the Attorney General was sufficient to interrupt prescription pursuant to La. C.C. art. 3462. Therefore, the Attorney General contended that its action was not prescribed. We find no merit to any of these arguments.

Louisiana Revised Statutes 51:2611 provides, in pertinent part:

6

A. An aggrieved person claiming to have been injured by a discriminatory housing practice, or who believes that he will be injured by a discriminatory housing practice that is about to occur, may file a complaint with the [A]ttorney [G]eneral. The civil rights section may also file a complaint on behalf of any person. ...

B. A complaint pursuant to Subsection A of this Section shall be filed not later than one year after the alleged discriminatory housing practice occurs. ...

* * *

F. The [A]ttorney [G]eneral shall complete the investigation of an alleged discriminatory housing practice within one hundred days after the filing of the complaint... unless it is impracticable to do so.

G. If the [A]ttorney [G]eneral is unable to complete the investigation within the time period set forth in Subsection F, the [A]ttorney [G]eneral shall notify the parties in writing of the reasons for not doing so.

According to the Attorney General's petition, Ms. Callendar's original complaint was made to the Attorney General on March 1, 2019, and alleged that Mr. White's discriminatory housing practices occurred in December 2018 and January 2019, with the last alleged discriminatory housing practice occurring on January 15, 2019. The record also contains documentation establishing that Ms. Callendar filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") on April 4, 2019, and that complaint was referred to the Attorney General for investigation.[7] Thus, we agree that, pursuant to La. R.S. 51:2611(B), Ms. Callendar's complaint to the Attorney General—filed within one year of the last alleged discriminatory housing practice—was timely.

Thereafter, under La. R.S. 51:2611(F) and (G), the Attorney General had one hundred days from Ms. Callendar's complaint to either complete the investigation of her complaint or to provide notice to the parties of the reason why it was

---

[7] The record is not clear whether Ms. Callendar's complaint to the Attorney General and to HUD was the same complaint or two different complaints. However, documentation attached to the letter the Attorney General sent to Mr. White regarding the complaint to HUD provides that it is an "Amended Housing Discrimination Complaint."

impracticable or unable to do so within that time period.[8] On July 11, 2019, the Attorney General sent a notice to Mr. White pursuant to La. R.S. 51:2611(G) that it was unable or impracticable to complete the investigation of Ms. Callendar's complaint within the one hundred day time period. The notice explained that additional investigation needed to be conducted, and that the projected date for completion of the investigation was October 1, 2019. Although the Attorney General alleged in its petition that its investigation ultimately concluded with a reasonable cause determination that Mr. White had discriminated against Ms. Callendar, the record contains no documentation to support this allegation or to otherwise establish when the investigation was concluded.

On September 6, 2023, over four and a half years after Ms. Callendar's March 1, 2019 complaint to the Attorney General, the Attorney General filed the petition at issue herein. Louisiana Revised Statute 51:2613, which is entitled "Enforcement by private persons," provides, in pertinent part:

> A. If no complaint has been filed with the [A]ttorney [G]eneral pursuant to R.S. 51:2611, an aggrieved person may commence a civil action for enforcement of the rights granted pursuant to this Chapter in an appropriate state court of general jurisdiction *within two years after the alleged discriminatory housing practice occurred.*
>
> * * *
>
> C. If a complaint filed with the attorney general pursuant to R.S. 51:2611 is dismissed by the attorney general, or if within the time period set forth in R.S. 51:2611(F) the attorney general has not:
>
> (1) Filed a civil action under R.S. 51:2614,
>
> (2) Entered into a conciliation agreement with the complainant and respondent,
>
> the attorney general shall notify the complainant or the party on whose behalf the complaint was filed. *In no event, including the failure of the attorney general to issue the notification required herein, shall any action be brought pursuant to this Chapter more than two years after the alleged discriminatory housing practice occurred.* On timely

---

[8] We note that 100 days from Ms. Callendar's March 1, 2019 complaint to the Attorney General would have been June 8, 2019, and 100 days from Ms. Callendar's April 4, 2019 complaint would have been July 12, 2019.

8

application, the court, in its discretion, may permit the attorney general to intervene in civil actions in which this state is not a defendant on certification that the case is of general public importance. On request, the court, in its discretion, may stay further proceedings for not more than sixty days pending the further efforts of the parties or the attorney general to obtain voluntary compliance.

In addition, La. R.S. 51:2614, which is entitled "Enforcement by [A]ttorney [G]eneral," provides:

> A. If, after investigation of a complaint filed pursuant to R.S. 51:2611, the attorney general finds reasonable cause to believe that any person or group of persons is engaged in resistance to the full enjoyment of any of the rights granted pursuant to this Chapter or that any person or group of persons has been denied any of the rights granted pursuant to this Chapter, and the complainant, the respondent, and the attorney general have not entered into a conciliation agreement, he shall bring a civil action in any appropriate state district court requesting relief, including an application for a permanent or temporary injunction, restraining order, or other order against the person or persons responsible for the resistance or denial of rights.
>
> B. In any civil action pursuant to Subsection A of this Section, the court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order and may award actual damages and punitive damages to any person found to have been denied any of the rights granted pursuant to this Chapter.
>
> C. If the attorney general concludes at any time following the filing of a complaint that a discriminatory housing practice has occurred or is about to occur, he shall promptly commence and maintain a civil action for appropriate temporary or preliminary relief pending final disposition of the complaint.

Under the Act, "an aggrieved person" has the option either to file a complaint with the Attorney General, who conducts an administrative investigation (within a specified time period and thereafter may bring a civil action under certain circumstances) or to bypass the administrative investigation by filing a direct civil action. See La. R.S. 51:2611, 51:2613, and 51:2614. We find that regardless of whether the aggrieved person files a complaint with the Attorney General, and the Attorney General subsequently brings a civil action, or whether the aggrieved person bypasses the Attorney General and files a civil action directly, the aggrieved

person's claim under the Act is subject to a two-year prescriptive period under the provisions of La. R.S. 51:2613(A) and (C).

Although La. R.S. 51:2613 is entitled "Enforcement by private persons" and this present action has been brought by the Attorney General, La. R.S. 51:2613(C) provides "**in no event**, including the failure of the [A]ttorney [G]eneral to issue the notification required herein, **shall *any action* be brought *pursuant to this Chapter*** more than two years after the alleged discriminatory practice housing occurred." (Emphasis added). The language chosen by the legislature clearly and unambiguously bars "any action" "pursuant to this Chapter" more than two years after the alleged discriminatory housing practice occurred.[9] "[T]his Chapter" means the Act, *i.e.* Chapter 43 of Title 51, which consists of La. R.S. 51:2001-2614. See La. R.S. 51:2001. Indeed, the legislature could have used the word "Section" rather than "Chapter" thereby limiting the applicability of the two-year prescriptive period to actions brought pursuant to La. R.S. 51:2613; however, it did not. Thus, "any action … pursuant to this Chapter" means any action authorized by the Act, regardless of whether the action is brought by the Attorney General or a private person.

Consequently, we conclude that the present action brought by the Attorney General—well more than two years after the alleged discriminatory housing practice occurred—is prescribed. To the extent that the Attorney General contends that, pursuant to the Louisiana Constitution, prescription does not run against the State in this matter, we find no merit to this argument.

Article XII, Section 13 of the Louisiana Constitution provides that "Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law." As detailed above, we find that

---

[9] See La. C.C. art. 9 (providing that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.")

10

La. R.S. 51:2613 is an express provision of law providing for a two-year prescriptive period applicable to all actions brought pursuant to the Act, including actions brought by the State through the Attorney General. Thus, the State's constitutional immunity from prescription provision is not applicable to this provision. Furthermore, the Attorney General as the plaintiff herein, *i.e.* the State of Louisiana, through the Louisiana Department of Justice, Office of the Attorney General,[10] is a body corporate with the power to sue and be sued. See La. R.S. 36:701 (creating the Department of Justice "as a body corporate with the power to sue and be sued" with the Attorney General serving as the executive head and chief administrative officer of the Department of Justice) and La. R.S. 51:2610 (providing that "[t]he authority and responsibility for administering this Chapter[, *i.e.* the Act,] are with the Louisiana Department of Justice, [O]ffice of the [A]ttorney [G]eneral." Thus, the claims asserted by the Attorney General are subject to prescription in this case. See **State, Through Department of Highways v. City of Pineville**, 403 So.2d 49, 51 (La. 1981); **State, Through Louisiana Department of Education—Food Service v. Bright Beginnings Child Care, Inc.**, 42,146 (La. App. 2nd Cir. 5/16/07), 957 So.2d 362, 365; and **State Through Governor's Special Commission on Education Services v. Dear**, 532 So.2d 902, 905 (La. App. 5th Cir. 1988) (all of which provide that "state," for purposes of the constitutional immunity from prescription, does not include a state agency that is a body corporate with the power to sue and be sued).

Next, the Attorney General contends that, even if its claims are subject to the applicable prescriptive period, the trial court erred when it failed to deem Ms. Callendar's timely filed complaint with the Attorney General an interruption of prescription pursuant to La. C.C. art. 3462. While we agree that Ms. Callendar's

---

[10] See La. R.S. 51:2610.

complaint filed with the Attorney General was timely under La. R.S. 51:2611, we disagree that such filing constituted an interruption of prescription pursuant to La. C.C. art. 3462.

Louisiana Civil Code article 3462 provides that "[p]rescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period."

Based on the clear and unambiguous language of this article, we find (and the Attorney General concedes in its brief) that the Attorney General (or its office) is not "a court of competent jurisdiction and venue." Thus, La. C.C. art. 3462 cannot be used as a basis to find that Ms. Callendar's timely complaint with the Attorney General interrupted prescription. Nonetheless, the Attorney General argues that "such a strict textual interpretation undermines the premise of the article" and that Ms. Callendar's timely complaint with the Attorney General's office should be considered an interruption of any applicable prescriptive period. The Attorney General further argues that this situation should be likened to the interruption of prescription for workers' compensation claims upon filing of a claim with the Office of Workers' Compensation and for medical malpractice claims upon filing a request for review of the claim by a medical review panel. However, the Attorney General's argument in this regard ignores the express statutory provisions that provide for the interruption or suspension of prescription upon filing the claim with the appropriate administrative agency in those instances. See La. R.S. 23:1209 (relative to prescription and the timeliness of claims in workers' compensation upon the filing of a claim with the Office of Workers' Compensation) and La. R.S. 40:1231.8 (relative to the suspension of prescription in medical malpractice claims following the filing of a request for a medical review panel). Notably, the Act contains no such

12

provision providing for the interruption or suspension of prescription upon filing a complaint with the Attorney General.

While Ms. Callendar's complaint was timely submitted to the Attorney General's office in accordance with the Act, the submission of that complaint to the Attorney General's office does not satisfy the requirement set forth in La. C.C. art. 3462 that an action be filed in a court of competent jurisdiction and venue in order to interrupt prescription. Consequently, the trial court was correct in determining that Ms. Callendar's complaint with the Attorney General's office did not interrupt prescription.

Therefore, based on our review of the record and the applicable law, we find that the trial court correctly sustained Mr. White's objection of prescription.

*Opportunity to Amend*

Lastly, on appeal, the Attorney General contends that the trial court erred in dismissing its petition rather than allowing it the opportunity to amend its petition after the objection of prescription was sustained.

Louisiana Code of Civil Procedure article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The right to amend a petition following the sustaining of a peremptory exception is not absolute; amendment is not permitted when it would constitute a vain and useless act. **Palowsky v. Cork**, 2019-0148 (La. App. 1st Cir. 5/20/20), 304 So.3d 867, 875. Thus, the decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. **Stolzle v. Clayton**, 2018-1641 (La. App. 1st Cir. 7/11/19), 280 So.3d 1240, 1244, writ denied, 2019-01745 (La. 1/14/20), 291 So.3d 679.

13

In this case, the peremptory exception raising the objection of prescription was sustained on the basis that the Attorney General's suit was filed well beyond the applicable two-year prescriptive period from the last alleged discriminatory act by Mr. White. No amendment of the petition by the Attorney General can change the applicable prescriptive period or that date upon which prescription began running. Thus, the grounds for the objection of prescription cannot be removed by amendment of the petition. Consequently, the trial court did not abuse its discretion in failing to allow the Attorney General the opportunity to amend its petition and correctly dismissed the Attorney General's petition.

## CONCLUSION

For all of the above and foregoing reasons, the judgment of the trial court is amended to reflect that it was signed on October 26, 2023. As amended, the judgment of the trial court is affirmed.

All costs of this appeal in the amount of $904.00 are assessed to the State of Louisiana, through the Louisiana Department of Justice, Office of the Attorney General.

**AMENDED AND AFFIRMED AS AMENDED.**